## UNITED STATES DISTRICT COURT
## FOR THE DISTRIC OF COLUMBIA
## U.S. COURTHOUSE
## 333 CONSTITUTION AVENUE, N.W.
## WASHINGTON, D.C. 20001

**RECEIVED**

Michael Jack Stephens

OCT **2 4** 2007

Plaintiff,

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

v

No: 1:07-CV-01628 ESH

INTERNAL REVENUE SERVICE

Defendant.

---

### Plaintiff (Objections to dismissal)
### Reply to Defendants answer

1. (First Defense): Reply:

This case was mailed on August 11, 2007, and shows

filed on August 17, 2007. This Internal Revenue Service (hereafter IRS),

answered this FOIA on August 31, 2007. (See attached copy) <u>Ex. A.</u>

If the court would please note, first paragraph; "This is in response to your

FOIA request, dated December 11, 2006 and received in our office

December 19, 2006. The time frame is around 8 months. This FOIA was

only answered after the filing of this case, and also only answered in part.

I require an answer to the rest of the FOIA. This compliant is not MOOT.

1

2. (Second Defense): Reply:

Plaintiff received only a few of the requested information. Plaintiff now comes and request the rest of un-exempted information. (attached copy of original FOIA, Ex. B)

a. Plaintiff requested information on 7 (seven) persons who claim they work for the IRS. I only received information of 3 (three).

> (i) Allen Dale Powell; only partial answer to questions A thru I. Ex. C

> (ii) Mary Hannah; only partial answer to questions A thru I. Ex. D

> (iii) Yulanda B. Coleman; received info. on Yulanda B. Montgomery. only partial answer to questions A thru I.  Ex. E, & F

Plaintiff has papers sent to himself signed by a Yulanda B. Coleman, and all other names on this FOIA. If they do not work for, or the IRS cannot prove they work for them, this would constitute a case for mail fraud, and making false statements on a government agency record.

b. Plaintiff now comes and demands the partial answers by fulfilled, and the rest of the 4 (four) not answered; for the court to order then answered completely.

c. The rest of the information within answer sent to plaintiff is completely useless, as it does not identify which person has what job. Ex.G

I expressed clearly and precisely what I need from, and for each named individual. Plaintiff request the court to order IRS to answer my FOIA in full.

d. The only records denied under (b)(2) and (b) (7) (E) was a copy of the Pocket commission. <u>See Ex. A. third paragraph.</u>

e. There are exclusions to this requirement under the FOIA (1986) Sec. 1802

(b): Exclusions (B): "There is reason to believe that (i) the subject of the investigation or proceeding is not aware of its pendency, and (ii) disclosure of the existence of the records could reasonably be expected to interfere with enforcement proceedings, the agency may, during <u>only such time</u> as that circumstance continues, treat the records as not subject to the requirements of this section."

I am not a subject under any investigation, nor any other enforcement proceedings that I am aware off. Plaintiff again ask this court to order the FOIA to be answered in it's entirety.

3. (Third Defense) & (Fourth Defense); Reply:

Plaintiff's time is just as important as any attorney's time, or any other person's time. Just because I am not an attorney, does not make me any less valuable as for as time goes. I spend more time writing these answers, an replies than you do because I have to look up every answer. I do not know them as you should. Furthermore: 5 U.S.C. 552a, sec. (g)(1) states:

(g)(1) Civil Remedies.---Whenever any agency...(B) refuses to comply with an individual request under subsection (d)(1) of this section;

(d)(1); Access to Records.—upon request by any individual to gain access to his records or to any information pertaining to him which is contained in the system,…

(g)(3)(A):    In any suit brought under the provisions of subsection (g) (1) (B) of this section, the court may enjoin the agency from withholding the records and order the production to the complainant of any agency records improperly withheld from him. In such a case the court shall determine the matter de novo and may examine the contents of any agency records in camera to determine whether the records or any portion thereof may be withheld under any of the exemptions set forth…and the burden is on the agency to sustain its action.

(g)(3)(B);    The court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this paragraph in which the complainant has substantially prevailed.

Plaintiff has not asked for any amount(s) that are unreasonable. See original complaint as filed. Plaintiff now will ask for additional fees, as to represent the time involved in answering this defense packet.

4. (Fifth defense): Reply:

    1.    Copy was attached here listed as Exhibit A. No other response is needed.

    2.    Copy was attached here listed as Exhibit F. No other response is needed.

    3.    Copy was attached here listed as Exhibit B. No other response is needed.

    4.    All deadlines have clearly passed, which was an act of Congress. No other response is needed.

5.    All deadlines have passed, no other response is needed.

6.    All copies were attached to original complaint, and no other response is needed.

7.    All copies were attached to original complaint, and no other response is needed.

## Violation of the Freedom of Information Act for wrongful withholding of Agency records

1.    Plaintiff repeats and realleges paragraphs 1-4. (replies)

2.    Defendant has wrongfully withheld agency records requested by plaintiff.

3.    Plaintiff did exhaust all administrative remedies with respect to the defendant's wrongful withholding of records. This case is now proper for cure.

4.    Plaintiff is entitled to injunctive relief with respect to the release and disclosure of the requested documents.

## Requested relief

Wherefore, plaintiff prays that this court:

A.    Order the defendant to disclose all the requested records in their entireties and make copies available to plaintiff;

B.    award plaintiff its cost and reasonable attorneys fees incurred in this action;

C.    award plaintiff extra cost for damages for intentional and willfull violation of the Freedom of Information Act. This relief is found (g) (4).

a.    award plaintiff all cost in original complaint and additional as ask.

5

D.    Order the IRS to pay the filing fees for this case to the clerk.

E.    Grant such other relief as this Court may deem just and proper.

*Michael Jack Stephens*

Michael Jack Stephens    all rights reserved

## Certificate of Service

Plaintiff hereby states that he did mail to the attorney of record at the address of record, as listed below, a complete copy of this objection to dismiss, with all exhibits, on this 20ᵗʰ day of October year 2007, too:

Nicole M. Stoduto
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, D.C. 20044
PH: 202-616-9785
FAX: 202-614-6866

Respectfully submitted:

*Michael Jack Stephens*

Michael Jack Stephens    all rights reserved



**DEPARTMENT OF THE TREASURY**
INTERNAL REVENUE SERVICE
WASHINGTON, D.C. 20224

*Ex. A.*

SMALL BUSINESS/SELF-EMPLOYED DIVISION

August 31, 2007

MICHAEL JACK STEPHENS
P.O. BOX 781
POOLER, GA 31322

Dear MICHAEL JACK STEPHENS:

This is in response to your Freedom of Information Act (FOIA) request, dated December 11, 2006 and received in our office December 19, 2006.

Your request was for copies of the documents that verify the true identity of IRS employees, past and present titles, positions, grades, job descriptions, job elements, duty stations, pocket commissions, and Oath of Office. The employees you named in the request were Allen Powell, R. A. Mitchell, Theresa Harley, Mary Hannah, Pamela Mable, Yulanda Coleman, and C. S. Shepard. Please find enclosed all available information.

Your request for a copy of the pocket commission is denied pursuant to FOIA exemption (b) (2) and (b) (7) (E).

Enclosed is a Notice 393 explaining your appeal rights.

Should you have any questions concerning this correspondence, you may contact Disclosure Specialist Patricia Williams, ID # 18-02366, by calling (512) 460-4433 or by writing to: Internal Revenue Service, Disclosure Office, Stop 602D, 401 W Peachtree St NW, Atlanta GA 30308. Please refer to case number F07353-0010.

Sincerely,

Stephanie Young
Disclosure Manager, ID # 18-02241

Enclosures

*Ex. B    1 3*

# FREEDOM OF INFORMATION ACT REQUEST
## AND
## PRIVACY ACT REQUEST

To:    IRS Atlanta Disclosure Officer
       SE;S;C&L;GLD;A3;ATL
       Mail Stop 602-D, Room 1905
       401 W. Peachtree Street
       Atlanta, Georgia        30308

From:  Michael Jack Stephens
       c/o P. O. Box 781
       Pooler,        Georgia        31322

Date:  December 11, 2006

RE: Revenue Agent Information

In one fashion or another, I have received correspondence from or have otherwise had direct contact with each IRS officer, agent, or employee named below. Per the following:

FEDERAL CROP INSURANCE CORP. V. MERRILL Et. Al. 1974
332 U.S. 380; 68 S. Ct.1; 92 L. Ed. 10, @ 384

"What ever the form in which the Government functions, anyone entering
into an agreement with the Government takes the risk of having accurately
ascertained that he who purports to act for the Government stays within the
bounds of his authority. The scope of this authority may be explicitly defined
by Congress or be limited by delegated legislation, properly exercised through
the rule-making power. And this is so even though, as here, the agent himself
may have been unaware of the limitations upon his authority.
also see: e.g. Utah Power and Light Co. V. United States
          243 U.S. 389, 409;
          United States V. Stewart
          311 U.S. 60, 70, and see, generally
    Floyd Acceptances, 7 Wall. 666."

*Ex. B    2 ₰ 3*

So therefore I need to verify that IRS personal named below are who they say they are and have authority they have exercised or are attempting to exercise against me.

| | | | |
|---|---|---|---|
| 1. Mr. Allen D. Powell | | ID 58-10082 | Atlanta, GA |
| 2. R. A. Mitchell | signed a Lien | | Dallas,  Tx. |
| 3. Theresa Harley | signed a Lien | | Dallas,  Tx. |
| 4. Mary Hannah | Operations Manager, Collections | | Bensalem, PA. |
| 5. Pamela L. Mable | Tax Court Bar. No. MP0437 | | Atlanta, GA |
| 6. Yulanda B. Coleman | | ID 07-08172 | Atlanta, GA |
| 7. C.S. Shepard | appeals team manager | | |

A.    All document(s) that verifies the true identify of IRS officers, agents, or employee *– Partial answer* named above.

B.    The precise past and present titles of each IRS officer, agent, or employee named above ("revenue officer", "revenue agent", appeals officer", "special agent" etc) *–not answered* and cite the section of the Act of Congress that created the office or offices they occupy.

C.    Any and all document(s) that include, identify, and describe all past and present *–not answered* positions, grades, job descriptions, and identification of job elements for each IRS officer, agent, or employee named above.

D.    Any and all document(s) that include, identify, and describe all past and present *–not answered* duty stations including room number, shop designations, or other identifying information regarding buildings or places of employment for each IRS officer, agent, or employees named above.

E.    Provide certified copies of any and all documentation that includes the pocket *–NOT ANSWERED* commission number, including classification designation (enforcement or otherwise) for each IRS officer, agent, or employee named above.

F.    The Constitutional Oath of Office taken by each IRS officer, agent, or employee *Partial answer* named above, as required by Article VI, Paragraph 3 of the Constitution of the United States, 1 Stat. 23, and 5 U.S.C. §3331.

Ex. 3    3 J3 3

G. A copy of the properly executed civil commission of each IRS officer, agent, or employee named above, that verifies that he or she is an officer or agent of Government of the United States, as required by Article II, § 3 of the Constitution of the United States and attending legislation.    *Denied*

H. The personal surety bond of each IRS officer, agent, or employee named above. — *No answer*

I. Documentation that establishes the complete line of delegated authority for each — *No answer* IRS officer, agent, or employee named above, including all intermedaries such as the Assistant Commissioner (international) beginning with the President of the United States.

This is a request under the FREEDOM OF INFORMATION ACT at 5 U.S.C. 552, PRIVACY ACT at 5 U.S.C. 552a. This request does not fall under exception 26 U.S.C. 6103 (e)(7). These documents are not sought for any commercial purposes. This is my firm promise to pay fees and costs for the locating and duplicating the records requested above.

Understanding that most exceptions are discretionary, rather than mandatory, if for some reason you determined any portion of this request to be exempt from release, then furnish the following: (1) those portions reasonably segregable after the exempt material is deleted; (2) detailed justification for your discretionary exemption since the overriding objection of the FOIA is to maximize public access to agency records. See IRM [1.3] 13.7.1 (08-31-2000). Approach to exemptions and; (3) provide the name of the official and correct address to which an administrative appeal should be addressed.

I am requesting copies of records in lieu of personal inspection of the requested record.

I am attesting under the penalty of perjury under the laws of the united States of America 28 U.S.C. 1746(1) and from without the "United States", that I am category 5 CFR 294.103 (d) requestor. Pursuant 5 U.S.C. 552 (a)(6)(A)(i), you have no more than 20 business days to respond to this request. If an extension of time is needed then pursuant of 5 U.S.C. 552 (a)(6) (B)(i), "no such notice shall specific a date that would result in an extension for more than 10 working days." Please provide the requested information within your required time.

Thanks you for your help in this matter

*Michael Jack Stephens*
Michael Jack Stephens    all rights reserved

*mailed with Proper Postage*

STANDARD FORM 61
REVISED SEPTEMBER 1970
U.S. CIVIL SERVICE COMMISSION
F.P.M. CHAPTER 295
61-107

*Ex. C*

OMB APPROVAL NO. 50-R0118

# APPOINTMENT AFFIDAVITS

| | |
|---|---|
| Revenue Officer | January 14, 1991 |
| *(Position to which appointed)* | *(Date of appointment)* |

| | | |
|---|---|---|
| Treasury Department | Internal Revenue Service | Birmingham, AL |
| *(Department or agency)* | *(Bureau or division)* | *(Place of employment)* |

I, Allen Dale Powell _____, do solemnly swear (or affirm) that—

## A. OATH OF OFFICE

I will support and defend the Constitution of the United States against all enemies, foreign and domestic; that I will bear true faith and allegiance to the same; that I take this obligation freely, without any mental reservation or purpose of evasion; and that I will well and faithfully discharge the duties of the office on which I am about to enter. So help me God.

## B. AFFIDAVIT AS TO STRIKING AGAINST THE FEDERAL GOVERNMENT

I am not participating in any strike against the Government of the United States or any agency thereof, and I will not so participate while an employee of the Government of the United States or any agency thereof.

## C. AFFIDAVIT AS TO PURCHASE AND SALE OF OFFICE

I have not, nor has anyone acting in my behalf, given, transferred, promised or paid any consideration for or in expectation or hope of receiving assistance in securing this appointment.

*(Signature of appointee)*

Subscribed and sworn (or affirmed) before me this 14th day of January _____ A.D. 19 91,

at Birmingham _____    Alabama _____

*(City)*    *(State)*

[SEAL.]

*(Signature of officer)*

Personnel (Asst.)

Commission expires _____    *(Title)*

*(If by a Notary Public, the date of expiration of his Commission should be shown)*

NOTE—The oath of office must be administered by a person specified in 5 U.S.C. 2903. The words "So help me God" in the oath and the word "swear" wherever it appears above should be stricken out when the appointee elects to affirm rather than swear to the affidavits; only these words may be stricken and only when the appointee elects to affirm the affidavits.

GPO · 1985 O – 496-188

**Page: 1**

Ex. D          01-14-82

STANDARD FORM 61
U.S. CIVIL SERVICE COMMISSION
F.P.M. CHAPTER 295

LAB5 APPROVAL NO. 50-R0116

# APPOINTMENT AFFIDAVITS

_TAX EXAMINER_ _____     _01-1482_
(Position to which appointed)                      (Date of appointment)

_TREASURY_ _____ _IRS_ _____ _PHILA PA_
(Department or agency)   (Bureau or division)   (Place of employment)

I, _MARY CATHERINE HANNAH_ _____, do solemnly swear (or affirm) that—

## A. OATH OF OFFICE

I will support and defend the Constitution of the United States against all enemies, foreign and domestic; that I will bear true faith and allegiance to the same; that I take this obligation freely, without any mental reservation or purpose of evasion; and that I will well and faithfully discharge the duties of the office on which I am about to enter. So help me God.

## B. AFFIDAVIT AS TO STRIKING AGAINST THE FEDERAL GOVERNMENT

I am not participating in any strike against the Government of the United States or any agency thereof, and I will not so participate while an employee of the Government of the United States or any agency thereof.

## C. AFFIDAVIT AS TO PURCHASE AND SALE OF OFFICE

I have not, nor has anyone acting in my behalf, given, transferred, promised or paid any consideration for or in expectation or hope of receiving assistance in securing this appointment.

_Mary Hannah_
(Signature of appointee)

Subscribed and sworn (or affirmed) before me this _11th_ day of _January_, A.D. 19 _82_

at _Phila_ _____ _Pa_.
(City)                        (State)

[SEAL]

_M. Richards_
(Signature of officer)

_Personnel Staffing Specialist_
(Title)

Commission expires _____
(If by a Notary Public, the date of expiration of his Commission should be shown.)

NOTE—The oath of office must be administered by a person specified in 5 U.S.C. 2903. The words "So help me God" in the oath and the word "swear" wherever it appears above should be stricken out when the appointee elects to affirm rather than swear to the affidavits; only these words may be stricken and only when the appointee elects to affirm rather than swear to the affidavit.

☆U.S. GOVERNMENT PRINTING OFFICE: 1978-261-647/3589

Ex. E

STANDARD FORM 61
REVISED SEPTEMBER 1970
U.S. CIVIL SERVICE COMMISSION
F.P.M. CHAPTER 295
61-107

OMB APPROVAL NO. 50-R0118

# APPOINTMENT AFFIDAVITS

Clerk-Typist G-3
(Position to which appointed)

5-13-86
(Date of appointment)

DEFENSE C.A.A.        ATLANTA BRANCH        ATLANTA
(Department or agency)    (Bureau or division)    (Place of employment)

I, Yuelanda B. Montgomery, do solemnly swear (or affirm) that—

## A. OATH OF OFFICE

I will support and defend the Constitution of the United States against all enemies, foreign and domestic; that I will bear true faith and allegiance to the same; that I take this obligation freely, without any mental reservation or purpose of evasion; and that I will well and faithfully discharge the duties of the office on which I am about to enter. So help me God.

## B. AFFIDAVIT AS TO STRIKING AGAINST THE FEDERAL GOVERNMENT

I am not participating in any strike against the Government of the United States or any agency thereof, and I will not so participate while an employee of the Government of the United States or any agency thereof.

## C. AFFIDAVIT AS TO PURCHASE AND SALE OF OFFICE

I have not, nor has anyone acting in my behalf, given, transferred, promised or paid any consideration for or in expectation or hope of receiving assistance in securing this appointment.

_____
(Signature of appointee)

Subscribed and sworn (or affirmed) before me this 14 day of July A.D. 1986,

at ATLANTA
(City)

GA
(State)

[SEAL]

_____
(Signature of officer)

Branch Manager
(Title)

Commission expires_____
(If by a Notary Public, the date of expiration
of his Commission should be shown)

NOTE—The oath of office must be administered by a person specified in 5 U.S.C. 2903. The words "So help me God" in the oath and the word "swear" wherever it appears above should be stricken out when the appointee elects to affirm rather than swear to the affidavits; only these words may be stricken and only when the appointee elects to affirm the affidavits.

*Ex. F*

STANDARD FORM 61
REVISED SEPTEMBER 1970
U.S. CIVIL SERVICE COMMISSION
F.P.M. CHAPTER 295
61-107

OMB APPROVAL NO. 50-R0119

# APPOINTMENT AFFIDAVITS

_Clerk-Typist_                          _82-86_
(Position to which appointed)            (Date of appointment)

_Internal Revenue_                       _Atlanta._
(Department or agency)    (Bureau or division)    (Place of employment)

I, _Yurlanda Montgomery_ , do solemnly swear (or affirm) that—

## A. OATH OF OFFICE

I will support and defend the Constitution of the United States against all enemies, foreign and domestic; that I will bear true faith and allegiance to the same; that I take this obligation freely, without any mental reservation or purpose of evasion; and that I will well and faithfully discharge the duties of the office on which I am about to enter. So help me God.

## B. AFFIDAVIT AS TO STRIKING AGAINST THE FEDERAL GOVERNMENT

I am not participating in any strike against the Government of the United States or any agency thereof, and I will not so participate while an employee of the Government of the United States or any agency thereof.

## C. AFFIDAVIT AS TO PURCHASE AND SALE OF OFFICE

I have not, nor has anyone acting in my behalf, given, transferred, promised or paid any consideration for or in expectation or hope of receiving assistance in securing this appointment.

_Yurlanda B. Montgomery_
(Signature of appointee)

Subscribed and sworn (or affirmed) before me this _____ day of _____ A.D. 19____,

at _Atlanta_                              _Georgia_
(City)                                     (State)

_Jacqueline Small_
(Signature of officer)

[SEAL]

_Processing Clerk_
(Title)

Commission expires_____
(If by a Notary Public, the date of expiration
of his Commission should be shown.)

NOTE—The oath of office must be administered by a person specified in 5 U.S.C. 2903. The words "So help me God" in the oath and the word "swear" wherever it appears above should be stricken out when the appointee elects to affirm rather than swear to the affidavits; only these words may be stricken and only when the appointee elects to affirm the affidavits.

U.S. Government Printing Office: 1980-641-585/491

INTERNAL REVENUE SERVICE
STANDARD POSITION DESCRIPTION

SPD No. 92065
Page 1 of 5

Ex. G

| Classification: | GS-1169-13 |
| Classification Title: | Revenue Officer |
| Organizational Title: | Settlement Officer |
| Organization: | Appeals |

Position Information
| Competitive Level Code: | 1112 |
| Supervisory Code: | 8 |
| Bargaining Status: | BU |
| Risk Level/Position Sensitivity: | 5N |
| FLSA Status: | Exempt |
| Full-Working Level: | 13 |
| Career Ladder PDs: | None – Exceeds FWL |

Remarks:    9/29/99 FLSA Status corrected from Exempt to Non-exempt.
04/13/00 – FLSA Status corrected from Non-exempt to Exempt.

---

Duties and Responsibilities Approved:    08/11/95    /s/James Dougherty
National Director of Appeals

Classification Approved:    10/01/95    /s/Eugenio Ochoa Senior
for National Director, Personnel Division

---

Supervisory Certification: I certify that this is an accurate statement of the major duties and responsibilities of this position and its organizational relationships, and that the position is necessary to carry out government functions for which I am responsible. This certification is made with the knowledge that this information is to be used for statutory purposes relating to appointment and payment of public funds, and that false or misleading statements may constitute violations of such statutes or their implementing regulations.

---

Signature of Immediate Supervisor:                         Date:

Title:

---

All other levels of supervision which propose or approve official statements of duties and responsibilities are attesting to the same effect as the immediate supervisor.

This position description is intended for use without modification. Any changes (e.g., pen-and-ink) to the duty statement, factor level descriptions and benchmarks may jeopardize the classification allocation. Contact the National Classification Center for further assistance. The classification of this position may be appealed. Published standards or other information upon which the classification is based may be reviewed. Information may be obtained from the employee's immediate supervisor or the National Classification Center.

Ex. G.

**CLASSIFICATION TITLE:** REVENUE OFFICER
**ORGANIZATIONAL TITLE:** SETTLEMENT OFFICER
**SERIES and GRADE:** GS-1169-13
**LOCATION:** APPEALS OFFICE, REGIONAL APPEALS

**Duties**

Conducts Appeals conferences for the settlement/resolution of tax cases which have the most complex technical collection issues. Settles a variety of technical issues which are within Appeals jurisdiction.

Analyzes case files, supporting documents and other information which relate to tax liability. Reviews cases for adequate technical development of issues. Remedies defects or inadequacies in cases or on issues either independently or by referral to the appropriate Service component.

Researches case issues to determine and apply the law to the facts presented. Where issues are unclear or where a clear precedent is lacking, determines the appropriate resolution based upon relevant factors including reasonableness, adjudication trends and settlement practices.

Deals professionally and effectively with taxpayers, representatives and co-workers. Conducts Appeals conferences with dignity, impartiality and an orderly manner. Consistently demonstrates high technical skill and full knowledge of case issues.

Keeps current with significant changes in the Internal Revenue Code, regulations, the IRM, court decisions, and other tax publications which relate to assigned areas of responsibilities (e.g. Trust Fund Recovery Penalties).

Organizes work, identifies priorities, applies knowledges and skills to expeditiously and correctly resolve and settle cases. Prepares and directs the preparation of paperwork and other items requisite for completion of cases.

Obtains and analyzes transcripts of taxpayer accounts, information regarding tax returns, and other germane materials and documents. Uses transcripts and other appropriate data to determine history of transactions, possibility of related parties, and need for further actions.

Acts as a "resource person" on collection matters for Appeals personnel. Provides "expert advice" on collection issues. When appropriate, instructs and provides presentations on collection subject-matters to Appeals Officers, Technical Analysts and support staff.

1

*Ex. G*

Maintains appropriate liaison and professional contact with other divisions of IRS. When appropriate confers with District Counsel and Compliance (Collection) regarding case development, issue determination, case processing and coordination.

May serve as a member of task forces reporting to the Regional Director of Appeals and/or Chief Appeals Office. May be given individual assignments to consider approaches to collection issues within Appeals. May be involved with program evaluation teams considering technical or procedural administration of collection issues within Appeals.

Performs other duties as assigned.

## Knowledges Required by the Job

The ability to quickly and fully understand and gain proficiency in Appeals procedures and practices relevant to specified areas of responsibilities.

Substantive knowledge of current and past tax law, regulations, and IRS policies and procedures with special expertise on technical collection issues.

Comprehensive knowledge of Compliance's (Collection's) investigative procedures, subject-matters, organizational structure and office policies and practices.

Understanding of accounting principles, business law and business practices. Extensive experience in handling collection issues with a full spectrum of taxpayers from individuals to corporations.

Marked skills in oral and written communications. Ability to persuade, solicit and provide information.

Masterful at interpersonal relationships. The capacity to deal professionally with all levels of taxpayers and representatives. Skill at negotiation and settlement. The ability to work effectively and harmoniously with co-workers both within and outside the immediate work area.

The ability to make judgments tempered both by analysis and organizational experience. Discernment to apply broad legal principles to determine relevant facts and circumstances. Able to perceive relative strengths and weaknesses of various potential litigating positions.

High degree of analytical reasoning. Reason and judgment to apply legal dicta to often convoluted and disputed factual situations.

2

Ex. G

## Supervisory Controls

The Settlement Officer works independently under the general supervision of the Chief Appeals Office or an Associate Chief. Settlements and resolutions are almost always final though they may be subject to review and final approval of the Chief or Associate Chief.

Given the Settlement Officer's status as an "in-house" expert on collection issues, completed work is broadly appraised in terms of conformance with Service policies, the Appeals mission, adequacy of evidence, and consistency with legal guidelines. On selected assignments, such as general evaluations of Appeals treatment of collection issues, the incumbent may report directly to the Regional Director of Appeals. Project work including program evaluation and guidance is judged in terms of soundness of recommendations and conclusions.

## Guidelines

Guidelines include pertinent portions of the Internal Revenue Code, law, regulations, the IRM, local directives, Service policies, Federal, state and local laws, court decisions and administrative rulings. Issues in cases are normally complex enough so that research, analysis and judgment are required to locate and apply the appropriate law and/or regulation. In some cases guidelines will be inchoate, the Settlement Officer will then be compelled to exercise ingenuity and judgment in deviating from customary settlement methods and parameters.

## Complexity

Cases assigned involve disputes primarily over tax liability. Cases will be generally complicated by factors such as the taxpayer's weakened financial condition, proposed liabilities which are substantial, factual disputes, self-serving statements, use of delaying tactics, and covert transfer of assets.

Issues will involve recondite legal questions of "responsibility," "willfulness," "authority," "duty," et cetera. It is noted that while courts have necessarily pondered these issues, concepts such as "willfulness" can not be facilely and routinely handled. The Settlement Officer must deftly extract from a vast corpus of law and court decisions those principles which are "on point" and consistent with specific facts and circumstances.

Assignments which may involve program evaluation will deal with various operations of Regional Appeals and will involve considerations of issues which cross the boundaries of two of the Service's major line functions (i.e. Appeals and Compliance (Collection)).

Ex. G

## Scope and Effect

The work involves the administration and resolution of issues which were not previously resolvable within the Service. At this level, Appeals provides the last administrative opportunity for the taxpayer and the Service to settle tax disputes without litigation. Settlements achieved are for all practical purposes final subject to re-opening only in the most extraordinary circumstances. In providing the taxpayer with a credible opportunity to resolve tax issues at the agency level, the Settlement Officer encourages taxpayer cooperation and voluntary compliance.

In those instances where the dispute is not resolvable, the Settlement Officer clarifies the issues by providing Counsel and/or the Department of Justice with a refinement of the contested legal questions and facts. The decisions of the Settlement Officer may have a decisive and lasting influence upon the economic circumstances of taxpayers whether individuals or corporations.

When Settlement Officer is involved in program evaluative work at management's request, the treatment of collection technical issues within Appeals will be primary focus. Such studies will impact upon Appeals dealings with Compliance (Collection) and collection issues.

## Personal Contacts

Contacts include taxpayers and their representatives, witnesses, related parties, Compliance (Collection), Counsel employees and Appeals personnel. Given that the amount of liability is often substantial and that litigation may be considered as a viable alternative, taxpayers are frequently represented by attorneys.

## Purpose of Contacts

Written, phone and extensive personal contacts with taxpayers and their representatives are essential parts of the work. These contacts are for the purpose of information gathering, explanation, discussion, and persuasion regarding issues in factual and legal dispute. Intra-agency contacts are for the purposes of coordination, information and the management of cases. When involved in a program study at management direction, the purpose of contacts with Appeals employees is fundamentally for data gathering.

## Physical Requirements of the Job

The work presents no unusual physical demands or hazards. Some travel may be required.

## Work Environment

Work is normally performed in an office setting.

4

# UNITED STATES DISTRICT COURT
## FOR THE DISTRIC OF COLUMBIA
### U.S. COURTHOUSE
### 333 CONSTITUTION AVENUE, N.W.
### WASHINGTON, D.C. 20001

Michael Jack Stephens

       Plaintiff,

v                                  No: 1:07-CV-01628 ESH

INTERNAL REVENUE SERVICE

       Defendant.

---

### Plaintiff (Objections to dismissal)
### Reply to Defendants answer

1. (First Defense): Reply:

This case was mailed on August 11, 2007, and shows

filed on August 17, 2007. This Internal Revenue Service (hereafter IRS),

answered this FOIA on August 31, 2007. (See attached copy) <u>Ex. A.</u>

If the court would please note, first paragraph; "This is in response to your

FOIA request, dated December 11, 2006 and received in our office

December 19, 2006. The time frame is around 8 months. This FOIA was

only answered after the filing of this case, and also only answered in part.

I require an answer to the rest of the FOIA. This compliant is not MOOT.

I

2. (Second Defense): Reply:

Plaintiff received only a few of the requested information. Plaintiff now comes and request the rest of un-exempted information. (attached copy of original FOIA, Ex. B)

a. Plaintiff requested information on 7 (seven) persons who claim they work for the IRS. I only received information of 3 (three).

> (i) Allen Dale Powell; only partial answer to questions A thru I. Ex. C

> (ii) Mary Hannah; only partial answer to questions A thru I. Ex. D

> (iii) Yulanda B. Coleman; received info. on Yulanda B. Montgomery. only partial answer to questions A thru I. Ex. E, & F

Plaintiff has papers sent to himself signed by a Yulanda B. Coleman, and all other names on this FOIA. If they do not work for, or the IRS cannot prove they work for them, this would constitute a case for mail fraud, and making false statements on a government agency record.

b. Plaintiff now comes and demands the partial answers by fulfilled, and the rest of the 4 (four) not answered; for the court to order then answered completely.

c. The rest of the information within answer sent to plaintiff is completely useless, as it does not identify which person has what job. Ex.G

I expressed clearly and precisely what I need from, and for each named

individual. Plaintiff request the court to order IRS to answer my FOIA in

full.

d. The only records denied under (b)(2) and (b) (7) (E) was a copy of the

Pocket commission. See Ex. A. third paragraph.

e. There are exclusions to this requirement under the FOIA (1986) Sec. 1802

(b): Exclusions (B): "There is reason to believe that (i) the subject of the
    investigation or proceeding is not aware of its pendency, and (ii)
    disclosure of the existence of the records could reasonably be
    expected to interfere with enforcement proceedings,
    the agency may, during only such time as that circumstance continues,
    treat the records as not subject to the requirements of this section."

I am not a subject under any investigation, nor any other enforcement

proceedings that I am aware off. Plaintiff again ask this court to order the

FOIA to be answered in it's entireity.

3. (Third Defense) & (Fourth Defense); Reply:

Plaintiff's time is just as important as any attorney's time, or any other

person's time.  Just because I am not an attorney, does not make me any

less valuable as for as time goes.  I spend more time writing these answers,

an replies than you do because I have to look up every answer. I do not

know them as you should. Furthermore: 5 U.S.C. 552a, sec. (g)(1) states:

(g)(1) Civil Remedies.---Whenever any agency...(B) refuses to comply
    with an individual request under subsection (d)(1) of this section;

*3*

(d)(1); Access to Records.—upon request by any individual to gain access to his records or to any information pertaining to him which is contained in the system,…

(g)(3)(A):    In any suit brought under the provisions of subsection (g) (1) (B) of this section, the court may enjoin the agency from withholding the records and order the production to the complainant of any agency records improperly withheld from him. In such a case the court shall determine the matter de novo and may examine the contents of any agency records in camera to determine whether the records or any portion thereof may be withheld under any of the exemptions set forth…<u>and the burden is on the agency to sustain its action.</u>

(g)(3)(B);    The court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this paragraph in which the complainant has substantially prevailed.

Plaintiff has not asked for any amount(s) that are unreasonable. See original complaint as filed. Plaintiff now will ask for additional fees, as to represent the time involved in answering this defense packet.

4. (Fifth defense): Reply:

1.    Copy was attached here listed as Exhibit A. No other response is needed.

2.    Copy was attached here listed as Exhibit F. No other response is needed.

3.    Copy was attached here listed as Exhibit B. No other response is needed.

4.    All deadlines have clearly passed, which was an act of Congress. No other response is needed.

5.  All deadlines have passed, no other response is needed.

6.  All copies were attached to original complaint, and no other response is needed.

7.  All copies were attached to original complaint, and no other response is needed.

## Violation of the Freedom of Information Act for wrongful withholding of Agency records

1.  Plaintiff repeats and realleges paragraphs 1-4. (replies)

2.  Defendant has wrongfully withheld agency records requested by plaintiff.

3.  Plaintiff did exhaust all administrative remedies with respect to the defendant's wrongful withholding of records. This case is now proper for cure.

4.  Plaintiff is entitled to injunctive relief with respect to the release and disclosure of the requested documents.

## Requested relief

Wherefore, plaintiff prays that this court:

A.  Order the defendant to disclose all the requested records in their entireties and make copies available to plaintiff;

B.  award plaintiff its cost and reasonable attorneys fees incurred in this action;

C.  award plaintiff extra cost for damages for intentional and willfull violation of the Freedom of Information Act. This relief is found (g) (4).

a.  award plaintiff all cost in original complaint and additional as ask.

5

D.    Order the IRS to pay the filing fees for this case to the clerk.

E.    Grant such other relief as this Court may deem just and proper.


*Michael Jack Stephens*

Michael Jack Stephens    all rights reserved

### Certificate of Service

Plaintiff hereby states that he did mail to the attorney of record at the address of record, as listed below, a complete copy of this objection to dismiss, with all exhibits, on this *20th* day of *October* year *2007*, too:

> Nicole M. Stoduto
> Trial Attorney, Tax Division
> U.S. Department of Justice
> Post Office Box 227
> Washington, D.C. 20044
> PH: 202-616-9785
> FAX: 202-614-6866


Respectfully submitted:

*Michael Jack Stephens*

Michael Jack Stephens    all rights reserved

6



**DEPARTMENT OF THE TREASURY**
INTERNAL REVENUE SERVICE
WASHINGTON, D.C. 20224

*Ex. A.*

SMALL BUSINESS/SELF-EMPLOYED DIVISION

August 31, 2007

MICHAEL JACK STEPHENS
P.O. BOX 781
POOLER, GA 31322

Dear MICHAEL JACK STEPHENS:

This is in response to your Freedom of Information Act (FOIA) request, dated December 11, 2006  and received in our office December 19, 2006.

Your request was for copies of the documents that verify the true identity of IRS employees, past and present titles, positions, grades, job descriptions, job elements, duty stations, pocket commissions, and Oath of Office.  The employees you named in the request were Allen Powell, R. A. Mitchell, Theresa Harley, Mary Hannah, Pamela Mable, Yulanda Coleman, and C. S. Shepard.  Please find enclosed all available information.

Your request for a copy of the pocket commission is denied pursuant to FOIA exemption (b) (2) and (b) (7) (E).

Enclosed is a Notice 393 explaining your appeal rights.

Should you have any questions concerning this correspondence, you may contact Disclosure Specialist Patricia Williams, ID # 18-02366, by calling (512) 460-4433 or by writing to: Internal Revenue Service, Disclosure Office, Stop 602D, 401 W Peachtree St NW, Atlanta GA 30308.  Please refer to case number F07353-0010.

Sincerely,

Stephanie Young
Disclosure Manager, ID # 18-02241

Enclosures

*Ex. B    1 of 3*

# FREEDOM OF INFORMATION ACT REQUEST
## AND
## PRIVACY ACT REQUEST

To:    IRS Atlanta Disclosure Officer
SE;S;C&L;GLD;A3;ATL
Mail Stop 602-D, Room 1905
401 W. Peachtree Street
Atlanta, Georgia     30308

From: Michael Jack Stephens
c/o P. O. Box 781
Pooler,    Georgia     31322

Date:  December 11, 2006

RE: Revenue Agent Information

In one fashion or another, I have received correspondence from or have otherwise had direct contact with each IRS officer, agent, or employee named below. Per the following:

FEDERAL CROP INSURANCE CORP. V. MERRILL Et. Al. 1974
332 U.S. 380; 68 S. Ct.1; 92 L. Ed. 10, @ 384

"What ever the form in which the Government functions, anyone entering into an agreement with the Government takes the risk of having accurately ascertained that he who purports to act for the Government stays within the bounds of his authority. The scope of this authority may be explicitly defined by Congress or be limited by delegated legislation, properly exercised through the rule-making power. And this is so even though, as here, the agent himself may have been unaware of the limitations upon his authority.
also see: e.g. Utah Power and Light Co. V. United States
           243 U.S. 389, 409;
           United States V. Stewart
           311 U.S. 60, 70, and see, generally
    Floyd Acceptances, 7 Wall. 666."

Ex. B    2 of 3

So therefore I need to verify that IRS personal named below are who they say they are and have
authority they have exercised or are attempting to exercise against me.

1. Mr. Allen D. Powell                     ID 58-10082   Atlanta, GA ✓
2. R. A. Mitchell          signed a Lien                 Dallas,  Tx. ✓
3. Theresa Harley          signed a Lien                 Dallas,  Tx. ✓
4. Mary Hannah          Operations Manager, Collections   Bensalem, PA. ✓
5. Pamela L. Mable      Tax Court Bar. No. MP0437         Atlanta, GA ✓
6. Yulanda B. Coleman                      ID 07-08172   Atlanta, GA ✓
7. C.S. Shepard          appeals team manager                         ✓

A.    All document(s) that verifies the true identify of IRS officers, agents, or employee — *Partial answered*
      named above.

B.    The precise past and present titles of each IRS officer, agent, or employee named
      above ("revenue officer", "revenue agent", appeals officer", "special agent" etc) *not answered*
      and cite the section of the Act of Congress that created the office or offices they
      occupy.

C.    Any and all document(s) that include, identify, and describe all past and present
      positions, grades, job descriptions, and identification of job elements for each IRS *not answered*
      officer, agent, or employee named above.

D.    Any and all document(s) that include, identify, and describe all past and present
      duty stations including room number, shop designations, or other identifying *not answered*
      information regarding buildings or places of employment for each IRS officer,
      agent, or employees named above.

E.    Provide certified copies of any and all documentation that includes the pocket
      commission number, including classification designation (enforcement or other- *NOT ANSWERED*
      wise) for each IRS officer, agent, or employee named above.

F.    The Constitutional Oath of Office taken by each IRS officer, agent, or employee *Partial answered*
      named above, as required by Article VI, Paragraph 3 of the Constitution of the
      United States, 1 Stat. 23, and 5 U.S.C. §3331.

Ex. B    3 of 3

G.    A copy of the properly executed civil commission of each IRS officer, agent, or employee named above, that verifies that he or she is an officer or agent of Government of the United States, as required by Article II, § 3 of the Constitution of the United States and attending legislation.    *Denied*

H.    The personal surety bond of each IRS officer, agent, or employee named above. — *No answer*

I.    Documentation that establishes the complete line of delegated authority for each — *No answer* IRS officer, agent, or employee named above, including all intermediaries such as the Assistant Commissioner (international) beginning with the President of the United States.

This is a request under the FREEDOM OF INFORMATION ACT at 5 U.S.C. 552, PRIVACY ACT at 5 U.S.C. 552a. This request does not fall under exception 26 U.S.C. 6103 (e)(7). These documents are not sought for any commercial purposes. This is my firm promise to pay fees and costs for the locating and duplicating the records requested above.

Understanding that most exceptions are discretionary, rather than mandatory, if for some reason you determined any portion of this request to be exempt from release, then furnish the following: (1) those portions reasonably segregable after the exempt material is deleted; (2) detailed justification for your discretionary exemption since the overriding objection of the FOIA is to maximize public access to agency records. See IRM [1.3] 13.7.1 (08-31-2000). Approach to exemptions and; (3) provide the name of the official and correct address to which an administrative appeal should be addressed.

I am requesting copies of records in lieu of personal inspection of the requested record.

I am attesting under the penalty of perjury under the laws of the united States of America 28 U.S.C. 1746(1) and from without the "United States", that I am category 5 CFR 294.103 (d) requestor. Pursuant 5 U.S.C. 552 (a)(6)(A)(i), you have no more than 20 business days to respond to this request. If an extension of time is needed then pursuant of 5 U.S.C. 552 (a)(6) (B)(i), "no such notice shall specific a date that would result in an extension for more than 10 working days." Please provide the requested information within your required time.

Thanks you for your help in this matter

*Michael Jack Stephens*
Michael Jack Stephens        all rights reserved

*mailed with Proper Postage*

STANDARD FORM 61
REVISED SEPTEMBER 1970
U.S. CIVIL SERVICE COMMISSION
F.P.M. CHAPTER 295
61~107

*Ex. C*

OMB APPROVAL NO. 50-RO118

# APPOINTMENT AFFIDAVITS

Revenue Officer                                          January 14, 1991
_____                    _____
*(Position to which appointed)*                          *(Date of appointment)*

Treasury Department        Internal Revenue Service      Birmingham, AL
_____        _____   _____
*(Department or agency)*        *(Bureau or division)*              *(Place of employment)*

Allen Dale Powell
I, _____, do solemnly swear (or affirm) that—

## A. OATH OF OFFICE

I will support and defend the Constitution of the United States against all enemies, foreign and domestic; that I will bear true faith and allegiance to the same; that I take this obligation freely, without any mental reservation or purpose of evasion; and that I will well and faithfully discharge the duties of the office on which I am about to enter. So help me God.

## B. AFFIDAVIT AS TO STRIKING AGAINST THE FEDERAL GOVERNMENT

I am not participating in any strike against the Government of the United States or any agency thereof, and I will not so participate while an employee of the Government of the United States or any agency thereof.

## C. AFFIDAVIT AS TO PURCHASE AND SALE OF OFFICE

I have not, nor has anyone acting in my behalf, given, transferred, promised or paid any consideration for or in expectation or hope of receiving assistance in securing this appointment.

*Allen Dale Powell*
_____
*(Signature of appointee)*

Subscribed and sworn (or affirmed) before me this ___14th___ day of ___January___ A.D. 19_91_,

at ___Birmingham___                    ___Alabama___
        *(City)*                              *(State)*

[SEAL.]                                 _____
                                        *(Signature of officer)*

Commission expires_____      *Personnel Asst.*
*(If by a Notary Public, the date of expiration         _____
of his Commission should be shown)*                       *(Title)*

NOTE—The oath of office must be administered by a person specified in 5 U.S.C. 2903. The words "So help me God" in the oath and the word "swear" wherever it appears above should be stricken out when the appointee elects to affirm rather than swear to the affidavits; only these words may be stricken and only when the appointee elects to affirm the affidavits.

GPO · 1985 0 - 496-188

*Ex. D*     01-14-82

STANDARD FORM 61
REVISED SEPTEMBER 1976
U.S. CIVIL SERVICE COMMISSION
F.P.M. CHAPTER 295
61-107

LMB APPROVAL NO. 50-R0116

# APPOINTMENT AFFIDAVITS

*TAX EXAMINER*
(Position to which appointed)

*01-1482*
(Date of appointment)

*TREASURY*
(Department or agency)

*IRS*
(Bureau or division)

*PHILA PA*
(Place of employment)

I, *MARY CATHERINE HANNAH*, do solemnly swear (or affirm) that—

## A. OATH OF OFFICE

I will support and defend the Constitution of the United States against all enemies, foreign and domestic; that I will bear true faith and allegiance to the same; that I take this obligation freely, without any mental reservation or purpose of evasion; and that I will well and faithfully discharge the duties of the office on which I am about to enter. So help me God.

## B. AFFIDAVIT AS TO STRIKING AGAINST THE FEDERAL GOVERNMENT

I am not participating in any strike against the Government of the United States or any agency thereof, and I will not so participate while an employee of the Government of the United States or any agency thereof.

## C. AFFIDAVIT AS TO PURCHASE AND SALE OF OFFICE

I have not, nor has anyone acting in my behalf, given, transferred, promised or paid any consideration for or in expectation or hope of receiving assistance in securing this appointment.

*Mary Hannah*
(Signature of appointee)

Subscribed and sworn (or affirmed) before me this *11th* day of *January*, A.D. 19 *82*,

at *Phila*
(City)

*Pa*
(State)

[SEAL]

*N. Richards*
(Signature of officer)

*Personnel Staffing Specialist*
(Title)

Commission expires
(If by a Notary Public, the date of expiration
of his Commission should be shown.)

NOTE—The oath of office must be administered by a person specified in 5 U.S.C. 2903. The words "So help me God"
in the oath and the word "swear" wherever it appears above should be stricken out when the appointee elects
to affirm rather than swear to the affidavits; only these words may be stricken and only when the appointee
elects to affirm the affidavits.

☆U.S. GOVERNMENT PRINTING OFFICE: 1978-261-647/3589

*Ex. E*

STANDARD FORM 61
REVISED SEPTEMBER 1970
U.S. CIVIL SERVICE COMMISSION
F.P.M. CHAPTER 295
61-107

OMB APPROVAL NO. 50-R0119

# APPOINTMENT AFFIDAVITS

Clerk-Typist G-3                    5-13-86
(Position to which appointed)        (Date of appointment)

DEFENSE C.A.A.    ATLANTA BRANCH    ATLANTA
(Department or agency)  (Bureau or division)  (Place of employment)

I, Yuelanda B. Montgomery, do solemnly swear (or affirm) that—

## A. OATH OF OFFICE

I will support and defend the Constitution of the United States against all enemies, foreign and domestic; that I will bear true faith and allegiance to the same; that I take this obligation freely, without any mental reservation or purpose of evasion; and that I will well and faithfully discharge the duties of the office on which I am about to enter. So help me God.

## B. AFFIDAVIT AS TO STRIKING AGAINST THE FEDERAL GOVERNMENT

I am not participating in any strike against the Government of the United States or any agency thereof, and I will not so participate while an employee of the Government of the United States or any agency thereof.

## C. AFFIDAVIT AS TO PURCHASE AND SALE OF OFFICE

I have not, nor has anyone acting in my behalf, given, transferred, promised or paid any consideration for or in expectation or hope of receiving assistance in securing this appointment.

_____
(Signature of appointee)

Subscribed and sworn (or affirmed) before me this _14_ day of _July_ A.D. 19_86_,

at _ATLANTA_          _GA_
        (City)                (State)

[SEAL]

_____
(Signature of officer)

Branch Manager
(Title)

Commission expires_____
(If by a Notary Public, the date of expiration
of his Commission should be shown)

NOTE—The oath of office must be administered by a person specified in 5 U.S.C. 2903. The words "So help me God" in the oath and the word "swear" wherever it appears above should be stricken out when the appointee elects to affirm rather than swear to the affidavits; only these words may be stricken and only when the appointee elects to affirm the affidavits.

*Ex. F*

STANDARD FORM 61
REVISED SEPTEMBER 1970
U.S. CIVIL SERVICE COMMISSION
F.P.M. CHAPTER 295
61-107

OMB APPROVAL NO. 50-R0119

# APPOINTMENT AFFIDAVITS

*Clerk-Typist* _____   *8-8-86* _____
(Position to which appointed)   (Date of appointment)

*Internal Revenue* _____   *Atlanta* _____
(Department or agency)   (Bureau or division)   (Place of employment)

I, *Yulanda Montgomery* , do solemnly swear (or affirm) that—

## A. OATH OF OFFICE

I will support and defend the Constitution of the United States against all enemies, foreign and domestic; that I will bear true faith and allegiance to the same; that I take this obligation freely, without any mental reservation or purpose of evasion; and that I will well and faithfully discharge the duties of the office on which I am about to enter. So help me God.

## B. AFFIDAVIT AS TO STRIKING AGAINST THE FEDERAL GOVERNMENT

I am not participating in any strike against the Government of the United States or any agency thereof, and I will not so participate while an employee of the Government of the United States or any agency thereof.

## C. AFFIDAVIT AS TO PURCHASE AND SALE OF OFFICE

I have not, nor has anyone acting in my behalf, given, transferred, promised or paid any consideration for or in expectation or hope of receiving assistance in securing this appointment.

*Yulanda B. Montgomery*
(Signature of appointee)

Subscribed and sworn (or affirmed) before me this _____ day of _____ A.D. 19____,

at *Atlanta* _____   *Georgia* _____
(City)   (State)

[SEAL]

*Jacquelin Arnell*
(Signature of officer)

*Professional Clerk*
(Title)

Commission expires _____
(If by a Notary Public, the date of expiration
of his Commission should be shown)

NOTE—The oath of office must be administered by a person specified in 5 U.S.C. 2903. The words "So help me God" in the oath and the word "swear" wherever it appears above should be stricken out when the appointee elects to affirm rather than swear to the affidavits; only these words may be stricken and only when the appointee elects to affirm the affidavits.

☆ U.S. Government Printing Office 1984-421-602/101

**INTERNAL REVENUE SERVICE**
**STANDARD POSITION DESCRIPTION**

SPD No. 92065
Page 1 of 5

Ex. G

| | |
|---|---|
| Classification: | GS-1169-13 |
| Classification Title: | Revenue Officer |
| Organizational Title: | Settlement Officer |
| Organization: | Appeals |

**Position Information**

| | |
|---|---|
| Competitive Level Code: | 1112 |
| Supervisory Code: | 8 |
| Bargaining Status: | BU |
| Risk Level/Position Sensitivity: | 5N |
| FLSA Status: | Exempt |
| Full-Working Level | 13 |
| Career Ladder PDs: | None – Exceeds FWL |

Remarks: 9/29/99 FLSA Status corrected from Exempt to Non-exempt.
04/13/00 – FLSA Status corrected from Non-exempt to Exempt.

---

Duties and Responsibilities Approved: 08/11/95 /s/James Dougherty
National Director of Appeals

Classification Approved: 10/01/95 /s/Eugenio Ochoa Sexton
for National Director, Personnel Division

---

**Supervisory Certification:** I certify that this is an accurate statement of the major duties and responsibilities of this position and its organizational relationships, and that the position is necessary to carry out government functions for which I am responsible. This certification is made with the knowledge that this information is to be used for statutory purposes relating to appointment and payment of public funds, and that false or misleading statements may constitute violations of such statutes or their implementing regulations.

---

Signature of Immediate Supervisor: Date:

Title:

---

All other levels of supervision which propose or approve official statements of duties and responsibilities are attesting to the same effect as the immediate supervisor.

This position description is intended for use without modification. Any changes (e.g., pen-and-ink) to the duty statements, factor level descriptions and benchmarks may jeopardize the classification allocation. Contact the National Classification Center for further assistance. The classification of this position may be appealed. Published standards or other information upon which the classification is based may be reviewed. Information may be obtained from the employee's immediate supervisor or the National Classification Center.

Ex. G.

**CLASSIFICATION TITLE:** <u>REVENUE OFFICER</u>
**ORGANIZATIONAL TITLE:** <u>SETTLEMENT OFFICER</u>
**SERIES and GRADE:**       <u>GS-1169-13</u>
**LOCATION:**               <u>APPEALS OFFICE, REGIONAL APPEALS</u>

<u>Duties</u>

Conducts Appeals conferences for the settlement/resolution of tax cases which have the most complex technical collection issues. Settles a variety of technical issues which are within Appeals jurisdiction.

Analyzes case files, supporting documents and other information which relate to tax liability. Reviews cases for adequate technical development of issues. Remedies defects or inadequacies in cases or on issues either independently or by referral to the appropriate Service component.

Researches case issues to determine and apply the law to the facts presented. Where issues are unclear or where a clear precedent is lacking, determines the appropriate resolution based upon relevant factors including reasonableness, adjudication trends and settlement practices.

Deals professionally and effectively with taxpayers, representatives and co-workers. Conducts Appeals conferences with dignity, impartiality and an orderly manner. Consistently demonstrates high technical skill and full knowledge of case issues.

Keeps current with significant changes in the Internal Revenue Code, regulations, the IRM, court decisions, and other tax publications which relate to assigned areas of responsibilities (e.g. Trust Fund Recovery Penalties).

Organizes work, identifies priorities, applies knowledges and skills to expeditiously and correctly resolve and settle cases. Prepares and directs the preparation of paperwork and other items requisite for completion of cases.

Obtains and analyzes transcripts of taxpayer accounts, information regarding tax returns, and other germane materials and documents. Uses transcripts and other appropriate data to determine history of transactions, possibility of related parties, and need for further actions.

Acts as a "resource person" on collection matters for Appeals personnel. Provides "expert advice" on collection issues. When appropriate, instructs and provides presentations on collection subject-matters to Appeals Officers, Technical Analysts and support staff.

1

Ex. G

Maintains appropriate liaison and professional contact with other divisions of IRS. When appropriate confers with District Counsel and Compliance (Collection) regarding case development, issue determination, case processing and coordination.

May serve as a member of task forces reporting to the Regional Director of Appeals and/or Chief Appeals Office. May be given individual assignments to consider approaches to collection issues within Appeals. May be involved with program evaluation teams considering technical or procedural administration of collection issues within Appeals.

Performs other duties as assigned.

## Knowledges Required by the Job

The ability to quickly and fully understand and gain proficiency in Appeals procedures and practices relevant to specified areas of responsibilities.

Substantive knowledge of current and past tax law, regulations, and IRS policies and procedures with special expertise on technical collection issues.

Comprehensive knowledge of Compliance's (Collection's) investigative procedures, subject-matters, organizational structure and office policies and practices.

Understanding of accounting principles, business law and business practices. Extensive experience in handling collection issues with a full spectrum of taxpayers from individuals to corporations.

Marked skills in oral and written communications. Ability to persuade, solicit and provide information.

Masterful at interpersonal relationships. The capacity to deal professionally with all levels of taxpayers and representatives. Skill at negotiation and settlement. The ability to work effectively and harmoniously with co-workers both within and outside the immediate work area.

The ability to make judgments tempered both by analysis and organizational experience. Discernment to apply broad legal principles to determine relevant facts and circumstances. Able to perceive relative strengths and weaknesses of various potential litigating positions.

High degree of analytical reasoning. Reason and judgment to apply legal dicta to often convoluted and disputed factual situations.

*Ex. G*

### Supervisory Controls

The Settlement Officer works independently under the general supervision of the Chief Appeals Office or an Associate Chief. Settlements and resolutions are almost always final though they may be subject to review and final approval of the Chief or Associate Chief.

Given the Settlement Officer's status as an "in-house" expert on collection issues, completed work is broadly appraised in terms of conformance with Service policies, the Appeals mission, adequacy of evidence, and consistency with legal guidelines. On selected assignments, such as general evaluations of Appeals treatment of collection issues, the incumbent may report directly to the Regional Director of Appeals. Project work including program evaluation and guidance is judged in terms of soundness of recommendations and conclusions.

### Guidelines

Guidelines include pertinent portions of the Internal Revenue Code, law, regulations, the IRM, local directives, Service policies, Federal, state and local laws, court decisions and administrative rulings. Issues in cases are normally complex enough so that research, analysis and judgment are required to locate and apply the appropriate law and/or regulation. In some cases guidelines will be inchoate, the Settlement Officer will then be compelled to exercise ingenuity and judgment in deviating from customary settlement methods and parameters.

### Complexity

Cases assigned involve disputes primarily over tax liability. Cases will be generally complicated by factors such as the taxpayer's weakened financial condition, proposed liabilities which are substantial, factual disputes, self-serving statements, use of delaying tactics, and covert transfer of assets.

Issues will involve recondite legal questions of "responsibility," "willfulness," "authority," "duty," et cetera. It is noted that while courts have necessarily pondered these issues, concepts such as "willfulness" can not be facilely and routinely handled. The Settlement Officer must deftly extract from a vast corpus of law and court decisions those principles which are "on point" and consistent with specific facts and circumstances.

Assignments which may involve program evaluation will deal with various operations of Regional Appeals and will involve considerations of issues which cross the boundaries of two of the Service's major line functions (i.e. Appeals and Compliance (Collection)).

3

Ex. G

## Scope and Effect

The work involves the administration and resolution of issues which were not previously resolvable within the Service. At this level, Appeals provides the last administrative opportunity for the taxpayer and the Service to settle tax disputes without litigation. Settlements achieved are for all practical purposes final subject to re-opening only in the most extraordinary circumstances. In providing the taxpayer with a credible opportunity to resolve tax issues at the agency level, the Settlement Officer encourages taxpayer cooperation and voluntary compliance.

In those instances where the dispute is not resolvable, the Settlement Officer clarifies the issues by providing Counsel and/or the Department of Justice with a refinement of the contested legal questions and facts. The decisions of the Settlement Officer may have a decisive and lasting influence upon the economic circumstances of taxpayers whether individuals or corporations.

When Settlement Officer is involved in program evaluative work at management's request, the treatment of collection technical issues within Appeals will be primary focus. Such studies will impact upon Appeals dealings with Compliance (Collection) and collection issues.

## Personal Contacts

Contacts include taxpayers and their representatives, witnesses, related parties, Compliance (Collection), Counsel employees and Appeals personnel. Given that the amount of liability is often substantial and that litigation may be considered as a viable alternative, taxpayers are frequently represented by attorneys.

## Purpose of Contacts

Written, phone and extensive personal contacts with taxpayers and their representatives are essential parts of the work. These contacts are for the purpose of information gathering, explanation, discussion, and persuasion regarding issues in factual and legal dispute. Intra-agency contacts are for the purposes of coordination, information and the management of cases. When involved in a program study at management direction, the purpose of contacts with Appeals employees is fundamentally for data gathering.

## Physical Requirements of the Job

The work presents no unusual physical demands or hazards. Some travel may be required.

## Work Environment

Work is normally performed in an office setting.

4