IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MICHAEL J. STEPHENS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:07-CV-01628-ESH |
| | ) | |
| INTERNAL REVENUE SERVICE, | ) | |
| | ) | |
| Defendant. | ) | |

INTERNAL REVENUE SERVICE'S
MOTION FOR SUMMARY JUDGMENT

The defendant, the Internal Revenue Service, moves for summary judgment in

this matter.  As grounds for its motion, defendant states that the material facts are not in

dispute and that it is entitled to judgment as a matter of law.  Specifically, defendant

states that it has (1) performed an adequate search for documents responsive to

plaintiff's FOIA request; and (2) with respect to the withheld documents at issue in this

action, it has withheld only those documents, or portions thereof, authorized by 5

U.S.C. § 552(b).   Accordingly, the Court should dismiss this case.

A statement of material facts not in genuine dispute, supporting

memorandum of law, and proposed order are also filed with this motion.

//

//

//

//

2959273.1

DATE:        January 2, 2007

Respectfully submitted,

/s/ Duston K. Barton
DUSTON K. BARTON
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, D.C. 20044
Telephone: (202) 514-9961
Duston.Barton@usdoj.gov

OF COUNSEL:
JEFFREY TAYLOR
United States Attorney

2959273.1

CERTIFICATE OF SERVICE

I CERTIFY that the forgoing MOTION FOR SUMMARY JUDGMENT and

accompanying MEMORANDUM, PROPOSED ORDER, and STATEMENT OF

MATERIAL FACTS NOT IN GENUINE DISPUTE were caused to be served this 2nd day

of January, 2008 by depositing in the mail, postage prepaid, and addressed as follows:

> MICHAEL J. STEPHENS
> 128 Pinto Way
> Bloomingdale, GA  31320

> /s/Duston K. Barton
> DUSTON K. BARTON

2959273.1

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MICHAEL J. STEPHENS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:07-CV-01628-ESH |
| | ) | |
| INTERNAL REVENUE SERVICE, | ) | |
| | ) | |
| Defendant. | ) | |

INTERNAL REVENUE SERVICE'S
MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

STATEMENT

The Internal Revenue Service incorporates by reference the facts enumerated in
the Internal Revenue Service's Statement of Material Facts Not in Genuine Dispute.

SUMMARY OF ARGUMENT

The Court should grant the Internal Revenue Service's motion for summary
judgment because based upon the material, undisputed facts, the Internal Revenue
Service, as a matter of law, has (1) performed an adequate search for documents
responsive to plaintiff's FOIA request; and (2) withheld only those documents
authorized by 5 U.S.C. § 552(b).

First, the Internal Revenue Service must execute a search reasonably calculated to
uncover all relevant documents based upon the four corners of the FOIA request. Here,
the Internal Revenue Service searched all logical locations suggested by the FOIA
request for the material requested. Second, the Internal Revenue Service's withholdings

2959273.1

meet the standards prescribed by the FOIA.   Specifically, (a) copies of pocket commissions were withheld subject to 5 U.S.C. § 552(b)(3) in conjunction with 18 U.S.C. § 701; (b) dates of birth and social security numbers were withheld subject to 5 U.S.C. § 552(b)(6); and (c) personnel information for Revenue Officer Powell was withheld subject to 5 U.S.C. § 552(b)(6) and IRM 11.3.13.9.12.1 (4).

## ARGUMENT

### I.

THE PATRICIA A. WILLIAMS DECLARATION ESTABLISHES THAT THE INTERNAL REVENUE SERVICE PERFORMED A GOOD FAITH SEARCH  REASONABLY CALCULATED TO UNCOVER ALL RESPONSIVE DOCUMENTS.

In order for a FOIA search to pass muster in this circuit, the agency must establish that it executed a search "'reasonably calculated to uncover all relevant documents.'" Steinberg v. United States Dep't of Justice, 23 F.3d 548, 551 (D.C. Cir. 1994) (quoting Weisberg v. United States Dep't of Justice, 745 F.2d 1476, 1485 (D.C. Cir. 1984) ("Weisberg II")); accord, Shores v. FBI, 185 F.Supp.2d 77, 82 (D.D.C. 2002); Judicial Watch, Inc. v. Export-Import Bank, 108 F.Supp.2d 19, 25 (D.D.C. 2000).  The focus is on the *reasonableness* of the search, not the *result*:

> The question is not 'whether there might exist any other documents possibly responsive to the request, but rather whether the *search* for those documents was *adequate*.  The adequacy of the search, in turn, is judged by a standard of reasonableness and depends, not surprisingly, upon the facts of each case.'

2959273.1

Steinberg, 23 F.3d at 551 (quoting Weisberg II, 745 F.2d at 1485) (emphasis supplied in original); see also, Meeropol v. Meese, 790 F.2d 942, 952-53, 955 (D.C. Cir. 1986); Export-Import Bank, 108 F.Supp.2d at 25-26.

A search is not inadequate simply because it does not locate every document a requester seeks. Shores, 185 F.Supp.2d at 82; see also, Kowalczyk v. Department of Justice, 73 F.3d 386, 389 (D.C. Cir. 1996) (agency not required to look beyond the four corners of the request for leads to responsive documents); Steinberg, 23 F.3d at 552 (holding that the FOIA does not impose a requirement to follow an endless trail of cross references found in responsive documents). Indeed, it is unreasonable to expect "even the most exhaustive search to uncover *every* responsive file ..." Meeropol, 790 F.2d at 953 (emphasis supplied in original).

The agency can sustain its burden of establishing a reasonable search by means of reasonably detailed, nonconclusory affidavits or declarations submitted in good faith. Steinberg, 23 F.3d at 551; Goland v. CIA, 607 F.2d 339, 352 (D.C. Cir. 1978), cert. denied, 445 U.S. 927 (1980); Shores, 185 F.Supp.2d at 82. Such affidavits or declarations are accorded "a presumption of good faith, which cannot be rebutted by 'purely speculative claims about the existence and discoverability of other documents.'" Safecard Services, Inc. v. SEC, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (quoting Ground Saucer Watch, Inc. v. CIA, 692 F.2d 770, 771 (D.C. Cir. 1981)); accord, Blanton v. United States Dep't of Justice, 182 F.Supp.2d 81, 84 (D.D.C. 2002).

2959273.1

Here, the Internal Revenue Service has produced a detailed, nonconclusory declaration – that of Patricia A. Williams, a Senior Disclosure Specialist of the Internal Revenue Service's Austin Disclosure Office – describing a reasonable search for responsive documents. The declaration describes the good-faith search undertaken with respect to the FOIA request at issue here and shows how the search was reasonably calculated to produce all responsive documents.

Therefore, as a matter of law, the Internal Revenue Service has met the requirements for an adequate FOIA search.

II.

THE IRS WITHHOLDINGS ARE JUSTIFIED
UNDER THE FOIA EXEMPTIONS 5 U.S.C. § 552(B)(3) & (6)

Nearly all of the documents discovered in the Internal Revenue Service's search have been disclosed to the plaintiff. However, the Internal Revenue Service has justifiably withheld the following: (a) copies of employees' pocket commissions; (b) social security numbers and dates of birth; and (c) Public Information Listing for Revenue Officer Allen D. Powell.

*a. Pocket Commissions*

In his FOIA request, plaintiff sought "certified copies of any and all documentation that includes the pocket commission number . . . for each Internal Revenue Service officer, agent or employee named above." Only two of the named individuals hold pocket commissions – Revenue Officer Allen Powell and Attorney Pam Mable. (Williams Decl. ¶ 19). However, copies of pocket

2959273.1

commissions are exempted from disclosure by 5 U.S.C. § 552(b)(3) in conjunction with 18 U.S.C. § 701.[1]

Section 552(b)(3) protects from disclosure under the FOIA matters "specifically exempted from disclosure by statute…provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue…" Title 18 § 701 of the United States Code states:

> Whoever manufactures, sells, or possesses any badge, identification card, or other insignia, of the design prescribed by the head of any department or agency of the United States for use by any officer or employee thereof, or any colorable imitation thereof, or photographs, prints, or in any other manner makes or executes any engraving, photograph, print, or impression in the likeness of any such badge, identification card, or other insignia, or any colorable imitation thereof, except as authorized under regulations made pursuant to law, shall be fined under this title or imprisoned not more than six months, or both.

18 U.S.C. § 701. Thus, the Internal Revenue Service is prohibited by law from copying the pocket commissions. There are *no* lawful regulations authorizing the Internal Revenue Service to copy *any* pocket commissions; thus, the application of 18 U.S.C. § 701 is non-discretionary and meets the requirements of § 552(b)(3).

---

[1] Inasmuch as plaintiff is seeking copies of the pocket commission serial numbers and not copies of the actual commissions, his request was correctly denied pursuant to 5 U.S.C. § 552(b)(2) and (b)(7)(E). (Williams Decl. Ex. B). Requests for pocket commission numbers are routinely denied as there is a potential that the numbering system could be compromised. IRM 11.3.13.9.19 (1)(c).

2959273.1

While law prohibits the copying of Revenue Officer Powell and Attorney Pam Mable's pocket commissions, plaintiff is nonetheless able to go to their offices and arrange a time to view the pocket commissions.

### b. Social Security Numbers and Dates of Birth

In his FOIA request, plaintiff requested personnel information for seven Internal Revenue Service employees. Responsive documents were provided for five of the seven employees. Responsive documents were not found with respect to C.S. Shepard as he had retired from the Internal Revenue Service and personnel records of previous Internal Revenue Service employees are maintained by the Office of Personnel Management, not the Internal Revenue Service.[2] Responsive personnel documents were also not provided with respect to Revenue Officer Allen Powell inasmuch as "revenue officer" has been deemed a "sensitive position" subject to more stringent disclosure requirements. *See infra.*

On two documents, # 00028 and 00056, Teresa Harley's and Yurlanda Montgomery's date of birth and social security number have been redacted. (Ex. D doc. 28 & 56.) This is consistent with 5 U.S.C. § 555(b)(6), which provides for the withholding of "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of

---

[2] Plaintiff can direct a FOIA request for information on previous Internal Revenue Service employees to the National Personnel Records Center, Civilian Personnel Records, 111 Winnebago Street, St. Louis, MO 62118. (Williams Decl. ¶ 15.)

2959273.1

personal privacy."  Courts have held that exemption under § 555(b)(6)

requires (1) that an individual have a privacy interest in the information; and

(2) that the individual's privacy interest outweighs the public's interest in

disclosure of the information.  *See Ivanhoe Citrus Ass'n v. Handley*, 612 F. Supp.

1560, 1567 (D.D.C. 1985); *Nat'l Parks & Conservation Ass'n v. Kleppe*, 547 F.2d

673, 686 n. 44 (D.C. Cir. 1976).  The information does not have to be

embarrassing or intimate in nature to be withheld under (b)(6).  *Dep't of State v.*

*Washington Post Co.*, 456 U.S. 595, 600 (1982).

Individuals have a significant privacy interest in personal information

such as their date of birth or social security number.  In contrast, there is no

significant public benefit associated with the disclosure of this information.

Recognizing that the disclosure of this information would not shed additional

light on governmental activities, and any benefits of disclosure are weaker than

the threat to individual privacy posed by the disclosure, the Internal Revenue

Service correctly chose to redact the social security numbers and dates of birth

from these two documents.  *See Quinon v F.B.I.*, 86 F.3d 1222, 1231 (D.C. Cir.

1996) ("Disclosure of information that 'reveals little or nothing about an

agency's own conduct' does not further the public interest envisaged by

FOIA." (quoting *Reporters Comm.*, 489 U.S. at 773)); *Landano v. U.S. Dep't of*

*Justice*, 956 F.2d 422, 430 (3d Cir.1992) ("Only when the information requested

reflects directly upon the way that the agency conducts business has the

requester placed something on the public interest side of the balancing

2959273.1

equation."), *vacated in part on other grounds and remanded,* 508 U.S. 165 (1993);

*Nat'l Ass'n of Retired Fed. Employees v. Horner*, 879 F.2d 873, 879 (D.C. Cir. 1989)

("something, even a modest privacy interest, outweighs nothing every time").

    In fact, the Internal Revenue Service was *required* to withhold this

information.  *Compare* 5 U.S.C. 552a(b) *with News-Press v. U.S. Dep't of

Homeland Security,* 489 F.3d 1113, 1189 (11th Cir. 2007) ("where the FOIA

requires disclosure, the Privacy Act will not stand in its way, but where the

FOIA would permit withholding under an exemption, the Privacy Act makes

such withholding mandatory upon the agency").  Accordingly, this

information was properly redacted from the disclosed documents.

           c. *Public Information Listing for Revenue Officer Allen D. Powell*

    The FOIA requires the disclosure of non-exempt agency records, a

requirement that touches upon an employee's personnel information.  However,

the Office of Personnel Management ("OPM"), as the custodian of the Official

Personnel Folder and Employee Performance Folder, and the authority through

which other Federal agencies may appoint employees, has issued rules and

regulations governing the disclosure of such records.  *See, e.g.* 5 CFR § 293.311.

    The OPM has designated six items of information as public or official

information which is generally available from personnel records that constitute

an agency record within the meaning of the FOIA.  5 CFR § 293.311.  These six

items are commonly referred to as the Public Information Listing ("PIL") and

consist of the following: (a) name; (b) present and post position titles and

2959273.1

occupational series; (c) present and past grades; (d) present and past annual salary rates (including performance awards or bonuses, incentive awards, merit pay amount, meritorious or distinguished executive ranks, and allowances and differentials); (e) present and past duty stations; and (f) position descriptions, identification of job elements, and those performance standards (but not actual performance appraisals) the release of which would not interfere with law enforcement programs or severely inhibit agency effectiveness. *Id.*

However, the OPM has authorized the withholding of the public information items of employees in "sensitive positions." IRM 11.3.13.9.12.1 (4). The position of Revenue Officer is among those positions identified by the OPM as "sensitive." *Id.*; IRM 1.23.3.1.8 (5)(b). Therefore, personnel information items pertaining to Revenue Officer Allen D. Powell are exempt from disclosure pursuant to the Privacy Act and FOIA exemption (b)(6). Disclosure of Revenue Officer Powell's PIL does not meet a significant public benefit and does not "reflect[] directly upon the way that the agency conducts business." *Landano*, 956 F.2d at 430. Therefore, Revenue Officer Powell's privacy interest in the information – heightened by the sensitive nature of his position – outweighs any public interest in disclosure of the information. *See Nat'l Ass'n of Retired Fed. Employees*, 879 F.2d 873.

CONCLUSION

For the reasons stated above, the Internal Revenue Service search was adequate, and its withholdings justified.  Accordingly, based upon the undisputed facts, the IRS is entitled to judgment as a matter of law.


DATE:        January 2, 2007

Respectfully submitted,

/s/ Duston K. Barton
DUSTON K. BARTON
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, D.C. 20044
Telephone: (202) 514-9961
Duston.Barton@usdoj.gov

OF COUNSEL:
JEFFREY TAYLOR
United States Attorney

2959273.1

# ENCLOSURE I

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

MICHAEL J. STEPHENS )
)
    Plaintiff )
)
v. ) Case No. 1:07-cv-01628 (ESH)
)
INTERNAL REVENUE SERVICE )
)
    Defendants. )

### DECLARATION OF PATRICIA A. WILLIAMS

I, Patricia A. Williams, being of legal age and pursuant to the provisions of 28
U.S.C. § 1746(2) (2006), declare and state:

    1.    I am a Senior ("Sr.") Disclosure Specialist with the Internal Revenue Service
("IRS") assigned to the IRS's Disclosure Office in Austin, TX ("Austin Disclosure Office").
I have served as a Sr. Disclosure Specialist since July 6, 2007.  Previously, I served as a
Disclosure Specialist in the Austin Disclosure Office for a period of six years.  I have been
employed by the IRS in various positions for the past 25 years.

    2.    My responsibilities as a Sr. Disclosure Specialist include processing and
responding to requests for information made pursuant to the FOIA and the Privacy Act.

    3.    As a Sr. Disclosure Specialist, I am required to be familiar with the
documents withheld from disclosure pursuant to various FOIA exemptions and
cognizant of the segregation requirement of subsection (b) of the FOIA for any
nonexempt information contained in responsive agency records.

4.     During the period that I served as a Sr. Disclosure Specialist, the Atlanta Disclosure Office received a FOIA request submitted by the requester/plaintiff, hereinafter referred to as "plaintiff," dated December 11, 2006 (copy attached as Exhibit A). The Atlanta Disclosure Office received plaintiff's FOIA request on December 19, 2006 and, as part of the Automated Freedom of Information Act ("AFOIA") pilot program which, for inventory balancing purposes, allows FOIA requests to be transferred to other Disclosure Offices for processing, plaintiff's FOIA request was scanned and made available electronically for processing by the Austin Disclosure Office.

5.     In his FOIA request, plaintiff requested:  (A) all document(s) that verifies the true identity of IRS officers, agents, or employees named in the request; (B) the precise past and present titles of those employees and cite the section of the Act of Congress that created the office or offices they occupy; (C) any and all document(s) that include, identify, and describe all past and present positions, grades, job descriptions, and identification of job elements for each IRS officer, agent, or employee named in the request; (D) any and all document(s) that include, identify, and describe all past and present duty stations including room number, shop designations, or other identifying information regarding buildings or places of employment for the employees named in the request; (E) certified copies of any and all documentation that includes the pocket commission number, including classification designation (enforcement or otherwise) for each IRS officer, agent, or employee named in the request; (F) the Constitutional Oath of Office taken by each employee named in the request; (G) a copy of the properly executed civil commission of each employee named in the request; (H) the personal surety bond of each employee named in the request; and (I) documentation that

-2-

establishes the complete line of delegated authority for each employee named in the request.

6.    After analyzing plaintiff's request and finding that the request comported with the IRS FOIA regulations, I forwarded plaintiff's request to the Disclosure Research Queue for processing.

7.    When it became clear to us in the Austin Disclosure Office that information responsive to plaintiff's FOIA request could not be compiled within the statutory 20 business day period, by letter dated January 19, 2007, the Austin Disclosure Office informed plaintiff that it was extending the statutory response date to February 2, 2007. The Austin Disclosure Office further informed the plaintiff that he could expect a response by March 5, 2007.  Because administrative appeals are limited to the denial of a request, the Austin Disclosure Office also informed the plaintiff that he could not avail himself of that process; instead, he could file suit after the statutory time period for response had lapsed.[1]

8.    By letter dated March 5, 2007, the Austin Disclosure Office again wrote to the plaintiff asking that he allow us additional time to locate and review requested records.  The Austin Disclosure Office advised the plaintiff that, should we be unable to process his request by May 7, 2007, we would contact him to discuss the status of his case.  The Austin Disclosure Office requested additional extensions by letters dated May 7 and July 9, 2007.

9.    Upon receipt of the information that the researchers had compiled for purposes of disclosure, by letter dated August 31, 2007, (copy attached as Exhibit B)

---

[1] By letter dated December 26, 2006, plaintiff submitted a FOIA appeal.  The Appeals Office informed plaintiff by letter dated January 12, 2007, that because the statutory 20 business day period had not yet lapsed, there was no basis for an appeal.

-3-

the Austin Disclosure Office responded to the plaintiff's December 11, 2006 FOIA request by informing the plaintiff that all available documents were enclosed. The response letter informed the plaintiff that his request for pocket commission information was denied pursuant to FOIA exemption (b)(2) and (b)(7)(E) and advised the plaintiff of his appeal rights.

10.    After the plaintiff filed the above-captioned litigation, the Chief Counsel Attorney assigned to the plaintiff's litigation, Mary Ellen Keys, contacted me at the Austin Disclosure Office and requested that I provide her with copies of those documents that had been disclosed to the plaintiff for her review.

11.    Upon receipt and review of the plaintiff's FOIA request in conjunction with the documents that had been disclosed to the plaintiff, Ms. Keys again contacted me and informed me that the Austin Disclosure Office's August 31, 2007 response was incomplete because it did not provide all documents responsive to the plaintiff's FOIA request and did not explain why certain responsive documents were not disclosed. Thereupon, Ms. Keys asked me to conduct a new search for records responsive to the plaintiff's FOIA request and to compile all extant responsive documents that were not previously disclosed.

12.    Thereafter, the Austin Disclosure Office began the process of compiling any additional responsive documents. Because much of the information that the plaintiff requested pertains to IRS employees, I began my search by searching the IRS's e-mail system to see if the employee was listed as a current employee. Thereafter, I accessed the IRS's Discovery Directory to ascertain the employee's Title, Grade, Series, location, and phone number so that the employee could be contacted to inform the employee

-4-

that a request had been made for their personnel information. Then, pursuant to IRM 11.3.13.9.12, I submitted an e-mail request to the Official Personnel File ("OPF") Contact Site, Kansas City Transaction Processing Center, requesting the public information listing ("PIL") for those employees identified in the plaintiff's FOIA request for whom the PIL was not previously disclosed and for whom such information can be disclosed.[2]

13.     My search of the OPF Contact Site resulted in the locating of responsive documents pertaining to all employees identified in the plaintiff's FOIA request for whom information could be disclosed except for the employee identified by the plaintiff as "C. S. Shepard."

14.     After searching for and finding no information for an IRS employee named C. S. Shepard, because many of the employees identified in the plaintiff's FOIA request had posts of duty in Atlanta, Georgia, I contacted the Benefits Specialist in Atlanta, Georgia to ascertain whether an employee named C. S. Shepard had retired from the IRS. The Benefits Specialist informed me that an employee by that name had, in fact, retired from the IRS.

15.     Because records pertaining to former IRS employees are maintained by the Office of Personnel Management, not the IRS, I advised Ms. Keys that the plaintiff should be advised to direct his FOIA request for information pertaining to former IRS employees to the National Personnel Records Center, Civilian Personnel Records, 111 Winnebago Street, St. Louis, MO 63118.

---

[2] Because the Office of Personnel Management (OPM) has authorized the withholding of the public information (PIL) items of employees in sensitive positions, the Austin Disclosure Office, in accordance with I.R.M. 11.3.13.9.12.1, did not disclose PIL items pertaining to Revenue Officer Allen D. Powell in response to plaintiff's FOIA request.

16.     With respect to the plaintiff's request for information pertaining to the employee identified by the plaintiff as "Yulanda B. Coleman," the Austin Disclosure Office's search revealed that responsive records could be found in the personnel file pertaining to employee Yurlanda B. Montgomery.  Thereafter, documents pertaining to Ms. Montgomery were disclosed to the plaintiff in conjunction with the Austin Disclosure Office's August 31, 2007 response letter.  However, because the plaintiff subsequently questioned why documents pertaining to Yurlanda B. Montgomery were provided in response to his request for information pertaining to Ms. Coleman, the Austin Disclosure Office compiled additional documentation for disclosure to the plaintiff that evidences Ms. Montgomery's name change, upon marriage, to that of Coleman.

17.     With respect to the plaintiff's request for delegations of authority, I informed Ms. Keys that there are no delegations of authority that delegate authority down to the individual employee level and that general delegations of authority are publicly available through the IRS's FOIA Reading Room, both in person and electronically through the IRS's website.  As such, no information pertaining to delegations of authority was disclosed in response to the plaintiff's FOIA request.  I then advised Ms. Keys that the plaintiff should be informed that he can access the publicly available delegations of authority through the IRS's FOIA Reading Room or the online EFOIA Reading Room accessible on irs.gov through the Freedom of Information link.

18.     With respect to the plaintiff's request for personal surety bond information, I informed Ms. Keys that no such information exists with respect to any IRS employee because the IRS does not require its employees to have them.

19.     With respect to the plaintiff's request for pocket commissions, I informed Ms. Keys that, upon contacting the employees identified in the plaintiff's FOIA request, I determined that only Revenue Officer Powell and Attorney Pam L. Mable hold pocket commissions. However, because the IRS is prohibited by statute from copying pocket commissions, I informed Ms. Keys that no responsive documents could be disclosed to the plaintiff and, instead, the plaintiff should be advised that he may personally view Revenue Officer Powell and Ms. Mable's pocket commissions at their offices.

20.     With respect to the plaintiff's request for Oath of Office/Appointment Affidavit information for the employees identified in the plaintiff's FOIA request, the Austin Disclosure Office's search for responsive records located Oath of Office/ Appointment Affidavit information for all current employees identified in the plaintiff's request and provided those documents to Ms. Keys for her disclosure to the plaintiff. However, the Austin Disclosure Office's directed search of the personnel file pertaining to Attorney Pam L. Mable did not result in locating the Oath of Office/Appointment Affidavit signed by Attorney Pam L. Mable. Other information in Ms. Mable's file stated that Ms. Mable had signed an Oath of Office/Appointment Affidavit on June 20, 1998. Thereafter, Ms. Mable was directed to search her own files for a copy of her Oath of Office/Appointment Affidavit but that search, similarly, did not result in locating a copy of Ms. Mable's Oath of Office/Appointment Affidavit. Therefore, I informed Ms. Keys that there were no records responsive to the plaintiff's request for the Oath of Office/ Appointment Affidavit signed by Pam L. Mable

21.     After reviewing the plaintiff's FOIA request and the documents that were compiled for purposes of disclosure, the Austin Disclosure Office determined that all

-7-

records responsive to the plaintiff's request, to the extent the documents exist and are
maintained by the IRS, were forwarded to Ms. Keys for her disclosure to plaintiff.

Executed on the ___10th___ day of ___December___, 2007, in Austin, TX.

Patricia A. Williams,
Sr. Disclosure Specialist
Internal Revenue Service
Stop 7000-AUSC
3651 IH 35 South
Austin, TX 78741

Attachments:  Exhibits A, B

# Exhibit A

*A    1 ℬ 3*

# FREEDOM OF INFORMATION ACT REQUEST
## AND
### PRIVACY ACT REQUEST

To:    IRS Atlanta Disclosure Officer
       SE;S;C&L;GLD;A3;ATL
       Mail Stop 602-D, Room 1905
       401 W. Peachtree Street
       Atlanta, Georgia        30308

From:  Michael Jack Stephens
       c/o P. O. Box 781
       Pooler,        Georgia        31322

Date:  December 11, 2006

RE: Revenue Agent Information

In one fashion or another, I have received correspondence from or have otherwise had direct contact with each IRS officer, agent, or employee named below. Per the following:

FEDERAL CROP INSURANCE CORP. V. MERRILL Et. Al. 1974
332 U.S. 380; 68 S. Ct.1; 92 L. Ed. 10, @ 384

"What ever the form in which the Government functions, anyone entering into an agreement with the Government takes the risk of having accurately ascertained that he who purports to act for the Government stays within the bounds of his authority. The scope of this authority may be explicitly defined by Congress or be limited by delegated legislation, properly exercised through the rule-making power. And this is so even though, as here, the agent himself may have been unaware of the limitations upon his authority.
also see: e.g. Utah Power and Light Co. V. United States
           243 U.S. 389, 409;
           United States V. Stewart
           311 U.S. 60, 70, and see, generally
     Floyd Acceptances, 7 Wall. 666."

*A. 2 ꝃ 3*

So therefore I need to verify that IRS personal named below are who they say they are and have authority they have exercised or are attempting to exercise against me.

| | | |
|---|---|---|
| 1. Mr. Allen D. Powell | ID 58-10082 | Atlanta, GA |
| 2. R. A. Mitchell | signed a Lien | Dallas, Tx. |
| 3. Theresa Harley | signed a Lien | Dallas, Tx. |
| 4. Mary Hannah | Operations Manager, Collections | Bensalem, PA. |
| 5. Pamela L. Mable | Tax Court Bar. No. MP0437 | Atlanta, GA |
| 6. Yulanda B. Coleman | ID 07-08172 | Atlanta, GA |
| 7. C.S. Shepard | appeals team manager | |

A. All document(s) that verifies the true identify of IRS officers, agents, or employee named above.

B. The precise past and present titles of each IRS officer, agent, or employee named above ("revenue officer", "revenue agent", appeals officer", "special agent" etc) and cite the section of the Act of Congress that created the office or offices they occupy.

C. Any and all document(s) that include, identify, and describe all past and present positions, grades, job descriptions, and identification of job elements for each IRS officer, agent, or employee named above.

D. Any and all document(s) that include, identify, and describe all past and present duty stations including room number, shop designations, or other identifying information regarding buildings or places of employment for each IRS officer, agent, or employees named above.

E. Provide certified copies of any and all documentation that includes the pocket commission number, including classification designation (enforcement or other-wise) for each IRS officer, agent, or employee named above.

F. The Constitutional Oath of Office taken by each IRS officer, agent, or employee named above, as required by Article VI, Paragraph 3 of the Constitution of the United States, 1 Stat. 23, and 5 U.S.C. §3331.

$A$. 3 $\sqrt{3}$ 3

G.    A copy of the properly executed civil commission of each IRS officer, agent, or employee named above, that verifies that he or she is an officer or agent of Government of the United States, as required by Article II, § 3 of the Constitution of the United States and attending legislation.

H.    The personal surety bond of each IRS officer, agent, or employee named above.

I.    Documentation that establishes the complete line of delegated authority for each IRS officer, agent, or employee named above, including all intermedaries such as the Assistant Commissioner (international) beginning with the President of the United States.

This is a request under the FREEDOM OF INFORMATION ACT at 5 U.S.C. 552, PRIVACY ACT at 5 U.S.C. 552a. This request does not fall under exception 26 U.S.C. 6103 (e)(7). These documents are not sought for any commercial purposes. This is my firm promise to pay fees and costs for the locating and duplicating the records requested above.

Understanding that most exceptions are discretionary, rather than mandatory, if for some reason you determined any portion of this request to be exempt from release, then furnish the following: (1) those portions reasonably segregable after the exempt material is deleted; (2) detailed justification for your discretionary exemption since the overriding objection of the FOIA is to maximize public access to agency records. See IRM [1.3] 13.7.1 (08-31-2000). Approach to exemptions and; (3) provide the name of the official and correct address to which an administrative appeal should be addressed.

I am requesting copies of records in lieu of personal inspection of the requested record.

I am attesting under the penalty of perjury under the laws of the united States of America 28 U.S.C. 1746(1) and from without the "United States", that I am category 5 CFR 294.103 (d) requestor. Pursuant 5 U.S.C. 552 (a)(6)(A)(i), you have no more than 20 business days to respond to this request. If an extension of time is needed then pursuant of 5 U.S.C. 552 (a)(6)(B)(i), "no such notice shall specific a date that would result in an extension for more than 10 working days." Please provide the requested information within your required time.

Thanks you for your help in this matter

*Michael Jack Stephens*

Michael Jack Stephens        all rights reserved

*mailed with Proper Postage*

# Exhibit B



**DEPARTMENT OF THE TREASURY**
**INTERNAL REVENUE SERVICE**
**WASHINGTON, D.C. 20224**

*Ex. B.*

**SMALL BUSINESS/SELF-EMPLOYED DIVISION**

**August 31, 2007**

MICHAEL JACK STEPHENS
P.O. BOX 781
POOLER, GA 31322

Dear MICHAEL JACK STEPHENS:

This is in response to your Freedom of Information Act (FOIA) request, dated December 11, 2006 and received in our office December 19, 2006.

Your request was for copies of the documents that verify the true identity of IRS employees, past and present titles, positions, grades, job descriptions, job elements, duty stations, pocket commissions, and Oath of Office. The employees you named in the request were Allen Powell, R. A. Mitchell, Theresa Harley, Mary Hannah, Pamela Mable, Yulanda Coleman, and C. S. Shepard. Please find enclosed all available information.

Your request for a copy of the pocket commission is denied pursuant to FOIA exemption (b) (2) and (b) (7) (E).

Enclosed is a Notice 393 explaining your appeal rights.

Should you have any questions concerning this correspondence, you may contact Disclosure Specialist Patricia Williams, ID # 18-02366, by calling (512) 460-4433 or by writing to: Internal Revenue Service, Disclosure Office, Stop 602D, 401 W Peachtree St NW, Atlanta GA 30308. Please refer to case number F07353-0010.

Sincerely,

Stephanie Young
Disclosure Manager, ID # 18-02241

Enclosures

# ENCLOSURE II

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

MICHAEL J. STEPHENS )
)
    Plaintiff )
)
    v. ) Case No. 1:07-cv-01628 (ESH)
)
INTERNAL REVENUE SERVICE )
)
        Defendants. )

**DECLARATION OF MARY ELLEN KEYS**

I, Mary Ellen Keys, being of legal age and pursuant to the provisions of 28 U.S.C.
§ 1746(2) (2006), declare and state as follows:

1.     I am an attorney in the Office of Chief Counsel, Internal Revenue Service

(Service) assigned to Procedure & Administration, Branch 7. Prior to an internal

reorganization of Procedure & Administration in May, 2007, I performed similar duties

as an Attorney in Branch 1, Disclosure & Privacy Law. Among other duties, attorneys in

Procedure & Administration, Branch 7 assist the Department of Justice in defending the

Service in litigation arising under the Freedom of Information Act (FOIA) (5 U.S.C.

§ 552) and the Privacy Act (5 U.S.C. § 552a). These duties require knowledge of the

types of documents created and maintained by the various divisions and functions of

the Service, and an understanding of the provisions of the FOIA and the Privacy Act

which exempt certain types of documents from disclosure in response to a request.

2.     As part of my duties, I was assigned as the attorney to the above-captioned

litigation. I have personally reviewed the documents at issue and am familiar with the

issues in this lawsuit. I have also reviewed the declaration of Patricia A. Williams filed in

this lawsuit. Based on my personal knowledge and review of the documents, I state as follows:

3.      I am familiar with the requirements for disclosure in response to a FOIA request and am similarly familiar with the segregation requirements of subsection (b) of the FOIA for any nonexempt information contained in responsive agency records. In reviewing the documents at issue in this litigation, I have attempted to make disclosure in accordance with the statutory provision that provides for the greatest access and I attempted to make every reasonably segregable non-exempt portion of every responsive document available to plaintiff.

4.      By letter dated December 11, 2006 (copy attached as Exhibit A), plaintiff submitted a FOIA request that was received by the Atlanta Disclosure Office on December 19, 2006, as part of the Automated Freedom of Information Act ("AFOIA") program which, for inventory balancing purposes, allows FOIA requests to be transferred to other Disclosure Offices for processing, plaintiff's FOIA request was scanned and made available electronically for processing by the Austin Disclosure Office.

5.      By letter dated August 31, 2007 (copy attached as Exhibit B), the Austin Disclosure Office responded to plaintiff's December 11, 2006 FOIA request by informing plaintiff that all available documents were enclosed. The Austin Disclosure Office further informed plaintiff that his request for pocket commission information was denied pursuant to FOIA exemption (b)(2) and (b)(7)(E).

6.      Plaintiff filed the above-captioned complaint, which is stamped as being received by the U.S. District Court for the District of Columbia on August 15, 2007, but

is not stamped as being filed with the court until September 14, 2007. In his complaint, plaintiff asked the court to order the Service to respond to his FOIA request. After the Service answered plaintiff's complaint by informing the court that the Service had responded to plaintiff's FOIA request on August 31, 2007, plaintiff filed a document entitled "Plaintiff (Objections to dismissal) Reply to Defendant's answer," wherein plaintiff acknowledged that the Service responded to his FOIA request but asserted that the Service's response was not complete.

7. Upon being assigned to the above-captioned litigation, this office contacted Sr. Disclosure Specialist Patricia A. Williams of the Austin Disclosure Office and asked that those documents that the Austin Disclosure Office provided to plaintiff in conjunction with its August 31, 2007 response be sent to our office for our review.

8. After reviewing the information that the Austin Disclosure Office had disclosed to plaintiff in response to his FOIA request, this office again contacted the Austin Disclosure Office and informed the Austin Disclosure Office that their response did not provide all responsive documents and did not advise plaintiff of the reasons why all responsive documents were not disclosed. This office then directed the Austin Disclosure Office that those responsive documents that were not previously disclosed to plaintiff be compiled for purposes of disclosure and that the Austin Disclosure Office provide those documents to this office for its review, analysis, and, if provided for under the FOIA, disclosure to plaintiff.

9. Thereafter, the Austin Disclosure Office compiled the remaining documents responsive to plaintiff's FOIA request, to the extent such documents exist and are maintained by the Service, and transmitted the documents to our office for our

review and analysis. *See* Declaration of Patricia A. Williams (hereinafter Williams'
Decl.), at ¶¶ 12-21.

10.    Upon receipt of the additional responsive documents, this office numbered
all documents that the Austin Disclosure Office had gathered in response to plaintiff's
FOIA request, including those previously disclosed to plaintiff, and then proceeded to
review those documents in relation to the information that plaintiff had requested in his
FOIA request in order to determine whether all responsive documents had been
gathered and whether the documents could be disclosed to plaintiff, either in whole or in
part.

11.    Our review of the documents compiled in response to plaintiff's FOIA
request finds that there is no information that responds to item (A) of plaintiff's FOIA for
document(s) that "verifies the true identity of IRS officers, agents, or employees named
in the request." If any of the employees named in plaintiff's FOIA request were
operating under a name other than their "true" identity, such employees would be
operating under a "registered pseudonym," and any information that would reveal the
true identity of an employee operating under a registered pseudonym would be exempt
from disclosure pursuant to FOIA exemption (b)(6).

12.    Our review of the documents compiled in response to item (B) of plaintiff's
FOIA request for "the precise past and present titles of those employees and cite the
section of the Act of Congress that created the office or offices they occupy," finds that,
to the extent the employee remains in the employ of the Service and to the extent such
information may be disclosed pursuant to 5 CFR § 293.311, their past and present were
already disclosed to plaintiff by the Austin Disclosure Office or were gathered by the

-4-

Austin Disclosure Office for our disclosure to plaintiff.[1]  However, there are no applicable Acts of Congress creating the individual offices held by Service employees and any such records of Acts of Congress would not be agency record maintained by the Service and, instead, would be information publicly available to plaintiff.  We believe that all records responsive to item (B) of plaintiff's FOIA request, to the extent such documents exist and are not exempt from disclosure, have been disclosed to plaintiff or are publicly available to plaintiff.

13.    Our review of the documents compiled in response to item (C) of plaintiff's FOIA request for "any and all document(s) that include, identify, and describe all past and present positions, grades, job descriptions, and identification of job elements for each IRS officer, agent, or employee named in the request were already disclosed to plaintiff by the Austin Disclosure Office or were gathered by the Austin Disclosure Office for our disclosure to plaintiff, to the extent the individual remains in the employ of the Service and does not serve in a position identified by the Office of Personnel Management ("OPM") as a "sensitive" position.  We believe that all records responsive to item (C) of plaintiff's FOIA request, to the extent such documents exist and are not exempt from disclosure, have been disclosed to plaintiff.

14.    Our review of the documents compiled in response to item (D) of plaintiff's FOIA request for "any and all document(s) that include, identify, and describe all past and present duty stations including room number, shop designations, or other

---

[1] There are no records responsive to plaintiff's request for information pertaining to the employee identified in plaintiff's FOIA request as "C. S. Shepard." The Austin Disclosure Office's search of personnel records found no current IRS employee named C. S. Shepard. The IRS does not maintain personnel records that pertain to former employees. Information pertaining to former Federal employees is available through the National Personnel Records Center, Civilian Personnel Records, 111 Winnebago Street, St. Louis, MO 63118.

identifying information regarding buildings or places of employment for the employees named in the request," were already disclosed to plaintiff by the Austin Disclosure Office or were gathered by the Austin Disclosure Office for our disclosure to plaintiff, to the extent such information may be disclosed pursuant to 5 CFR § 293.311. There is, however, no requirement that the past and present duty station information include the employee's room number, shop designations, or other identifying information regarding buildings or places of employment. We believe that all records responsive to item (D) of plaintiff's FOIA request, to the extent such documents exist, have been disclosed to plaintiff.

15.    Our review of item (E) of plaintiff's FOIA request for "certified copies of any and all documentation that includes the pocket commission number, including classification designation (enforcement or otherwise) for each IRS officer, agent, or employee named in the request," finds that no information was disclosed in response to plaintiff's FOIA request because the Service is forbidden from copying such information pursuant to 18 U.S.C. § 301. Therefore, we assert that the information that plaintiff requested is exempt from disclosure pursuant to FOIA exemption (b)(3) in conjunction with 18 U.S.C. § 301.[2]

16.    Our review of the documents compiled in response to item (F) of plaintiff's FOIA request for "the Constitutional Oath of Office taken by each employee named in the request," and item (G) of plaintiff's FOIA request for a copy of the properly executed

---

[2] The Disclosure Office appropriately informed plaintiff in their August 31, 2007 response letter that plaintiff's request for copies of pocket commission *numbers* was being denied pursuant to FOIA Exemptions (b)(2) and (b)(7)(E), since there is a potential that the numbering system could be compromised, if the numbers were disclosed. Plaintiff may make an appointment to view the pocket commissions of those employees identified in his request who hold pocket commissions (Mr. Powell and Ms. Mable) at their offices, which are located at 401 W. Peachtree Street, Atlanta, Georgia 30308-3510.

-6-

civil commission of each employee named in the request," finds that, except for the Oath of Office/Appointment Affidavit signed by employee Pam L. Mable (whose Oath of Office/Appointment Affidavit could not be located among the records maintained in Ms. Mable's official personnel file or in her own personal records), all Oaths of Office/ Appointment Affidavits for the employees named in plaintiff's FOIA request who remain in the employ of the Service" were already disclosed to plaintiff by the Austin Disclosure Office or were gathered by the Austin Disclosure Office for our disclosure to plaintiff. Therefore, we assert that all records responsive to items F and G of plaintiff's FOIA request, to the extent such documents exist, have been disclosed to plaintiff.

17.    Our review of item (H) of plaintiff's FOIA request for "the personal surety bond of each employee named in the request," finds that there is no information responsive to plaintiff's request because no Service employee is required to maintain a personal surety bond.  Moreover, our research has revealed that, pursuant to 31 U.S.C. § 9302, entitled "Prohibition against surety bonds for United States Government personnel," the Service is prohibited from requiring that its employees obtain surety bonds.  As such, we assert that there are no records responsive to item H of plaintiff's FOIA request.

18.    Our review of item (I) of plaintiff's FOIA request for "documentation that establishes the complete line of delegated authority for each employee named in the request," finds that no information was disclosed to plaintiff because delegation orders generally delegate authority to positions or titles, not to named specific individuals. However, broader delegation orders are included among the information that is made

-7-

publicly available through the Service's FOIA Reading Room or the irs.gov website in
the EFOIA Reading Room.

19.    Therefore, upon disclosing to plaintiff the additional information that the
Austin Disclosure Office compiled at our request, all documents responsive to plaintiff's
request, to the extent such information exists and is not exempt from disclosure, in
whole or in part, as described more fully below, will have been disclosed to plaintiff.

20.    In the following paragraphs, we have categorized the documents at issue
in this lawsuit by FOIA exemption, where applicable, and have described the reasoning
for withholding those documents under the FOIA. Moreover, we have explained, where
applicable, that there is no information responsive to certain information requested by
plaintiff in his FOIA request.

## FOIA exemption (b)(3) in conjunction with 18 U.S.C. § 701[3]

21.    The copying of pocket commissions for disclosure in response to a FOIA
request is exempt from disclosure under FOIA exemptions (b)(3), in conjunction with 18
U.S.C. § 701. Section 701 of Title 18 of the United States Code prohibits the copying of
any government badge or identification card.

22.    The agency is asserting exemption 3 in conjunction with 18 U.S.C. § 701
to withhold pocket commissions or cards because there is no room for discretionary
judgment as to whether or which cards should be available for copying.

23.    Of those employees identified in plaintiff's FOIA request, we have
determined that only Revenue Officer Powell and Attorney Pam L. Mable have pocket

---

[3] In its August 31, 2007 response letter, the Disclosure Office informed plaintiff that it was denying his
request for certified copies of Pocket Commission numbers pursuant to FOIA exemptions (b)(2) and
(b)(7)(E). While the IRS cannot provide copies of the pocket commission numbers because to do so
might jeopardize the pocket commission numbering system, the pocket commissions themselves are
exempt from disclosure pursuant to FOIA exemption (b)(3) in conjunction with 18 U.S.C. § 701.

commissions. Therefore, because the Service is prohibited by law from copying the pocket commissions, plaintiff should be advised that he can view Mr. Powell and Ms. Mable's pocket commissions at their place of work, which is: 401 West Peachtree St. NW, Atlanta, Georgia 30308-3539.

## FOIA Exemption (b)(6)

24.     The agency is asserting FOIA exemption (b)(6) to withhold the social security numbers and dates of birth from pages numbered #00028 (personnel information of Teresa Harley) and #00056 (personnel action information pertaining to Yurlanda B. Coleman) pursuant to FOIA exemption (b)(6) because an employee's social security number and date of birth is the employee's personal information.

25.     The agency also asserts FOIA exemption (b)(6) to withhold the personnel information listing ("PIL") items pertaining to Revenue Officer Allen D. Powell because the Office of Personnel Management ("OPM") has designated the position of Revenue Officer as a "sensitive" position.[4]

26.     That Revenue Officers have legitimate interests in preserving the secrecy of matters that could subject them to annoyance or harassment is evidenced by the OPM's decision to include Revenue Officers among those positions described as "sensitive" in the U.S. Office of Personnel Management Data Release Policy.

27.     The agency believes that Service employees have strong privacy interests in protecting their personal information from disclosure and possible resultant

---

[4] In his filing entitled "Plaintiff (Objections to dismissal) Reply to Defendant's Answer," plaintiff states that only partial information was disclosed with respect to Allen Dale Powell. Plaintiff is advised that, because Revenue Officer Powell serves in a "sensitive" position, the OPM has determined that pursuant to 5 CFR § 293.311, information otherwise disclosable with respect to government employees cannot be disclosed with respect to Revenue Officer Powell. With respect to plaintiff's objection that information was provided for employee Yurlanda B. Montgomery when he requested information pertaining to Yurlanda B. Coleman, we have obtained documentation that evidences Ms. Montgomery's marriage and subsequent name change to that of Coleman.

-9-

exploitation, and such strong privacy interests outweigh any minimal personal interest the public might have in their disclosure. As such, we believe that the Service's withholding of personal information found on pages #00028, #00056 and the PIL information pertaining to Revenue Officer Powell pursuant to FOIA exemption (b)(6) is proper.

### The Service's Search for Responsive Documents was Reasonable

28.    Our review of plaintiff's FOIA request in conjunction with the information gathered for purposes of disclosure finds that, other than information that is publicly available (delegations of authority), exempt from disclosure (copies of pocket commissions and personnel information listing information pertaining to an employee holding a sensitive position), is not maintained by the Service (information pertaining to former employees), or does not exist (information pertaining to personal surety bonds and information that would reveal the "true identity" of employees identified in plaintiff's FOIA request), all documents responsive to plaintiff's FOIA request will have been disclosed except for the Oath of Office/Appointment Affidavit signed by Pam L. Mable.

29.    The official personnel file of an employee is the place in which that employee's Oath of Office/Appointment Affidavits is maintained. A search of Ms. Mable's official personnel file did not result in locating the Oath of Office/Appointment Affidavit signed by Ms. Mable. Ms. Mable's own search of her personal files similarly did not result in locating her Oath of Office/Appointment Affidavit. *See* Williams' Decl., at ¶ 20. Our review of the search for Ms. Mable's Oath of Office/Appointment Affidavit finds that the search was reasonable and reasonably calculated to locate responsive documents.

30.    Upon disclosure to plaintiff of the additional responsive document that the
Austin Disclosure Office gathered in response to plaintiff's FOIA request, to the extent
the documents exist and are not exempt from disclosure, we believe that all documents
responsive to plaintiff's request will have been disclosed.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on the _13th_ day of ___December___, 2007, in Washington, D.C.



_Mary Ellen Keys_
Mary Ellen Keys, Attorney
Internal Revenue Service
Office of Chief Counsel
Procedure & Administration
1111 Constitution Ave., N.W.
Washington, DC 20224

Attachments:  Exhibits A-B

# Exhibit A

A  1ß₃

# FREEDOM OF INFORMATION ACT REQUEST
## AND
### PRIVACY ACT REQUEST

To:    IRS Atlanta Disclosure Officer
       SE;S;C&L;GLD;A3;ATL
       Mail Stop 602-D, Room 1905
       401 W. Peachtree Street
       Atlanta, Georgia       30308

From:  Michael Jack Stephens
       c/o P. O. Box 781
       Pooler,        Georgia        31322

Date:  December 11, 2006

RE: Revenue Agent Information

In one fashion or another, I have received correspondence from or have otherwise had direct contact with each IRS officer, agent, or employee named below. Per the following:

FEDERAL CROP INSURANCE CORP. V. MERRILL Et. Al. 1974
332 U.S. 380; 68 S. Ct.1; 92 L. Ed. 10, @ 384

"What ever the form in which the Government functions, anyone entering
into an agreement with the Government takes the risk of having accurately
ascertained that he who purports to act for the Government stays within the
bounds of his authority. The scope of this authority may be explicitly defined
by Congress or be limited by delegated legislation, properly exercised through
the rule-making power. And this is so even though, as here, the agent himself
may have been unaware of the limitations upon his authority.
also see: e.g. Utah Power and Light Co. V. United States
                243 U.S. 389, 409;
                United States V. Stewart
                311 U.S. 60, 70, and see, generally
Floyd Acceptances, 7 Wall. 666."



So therefore I need to verify that IRS personal named below are who they say they are and have authority they have exercised or are attempting to exercise against me.

| | | | |
|---|---|---|---|
| 1. Mr. Allen D. Powell | | ID 58-10082 | Atlanta, GA |
| 2. R. A. Mitchell | signed a Lien | | Dallas,  Tx. |
| 3. Theresa Harley | signed a Lien | | Dallas,  Tx. |
| 4. Mary Hannah | Operations Manager, Collections | | Bensalem, PA. |
| 5. Pamela L. Mable | Tax Court Bar. No. MP0437 | | Atlanta, GA |
| 6. Yulanda B. Coleman | | ID 07-08172 | Atlanta, GA |
| 7. C.S. Shepard | appeals team manager | | |

A.   All document(s) that verifies the true identify of IRS officers, agents, or employee named above.

B.   The precise past and present titles of each IRS officer, agent, or employee named above ("revenue officer", "revenue agent", appeals officer", "special agent" etc) and cite the section of the Act of Congress that created the office or offices they occupy.

C.   Any and all document(s) that include, identify, and describe all past and present positions, grades, job descriptions, and identification of job elements for each IRS officer, agent, or employee named above.

D.   Any and all document(s) that include, identify, and describe all past and present duty stations including room number, shop designations, or other identifying information regarding buildings or places of employment for each IRS officer, agent, or employees named above.

E.   Provide certified copies of any and all documentation that includes the pocket commission number, including classification designation (enforcement or otherwise) for each IRS officer, agent, or employee named above.

F.   The Constitutional Oath of Office taken by each IRS officer, agent, or employee named above, as required by Article VI, Paragraph 3 of the Constitution of the United States, 1 Stat. 23, and 5 U.S.C. §3331.

A. 3 ᵇᵇ3

G.    A copy of the properly executed civil commission of each IRS officer, agent, or employee named above, that verifies that he or she is an officer or agent of Government of the United States, as required by Article II, § 3 of the Constitution of the United States and attending legislation.

H.    The personal surety bond of each IRS officer, agent, or employee named above.

I.    Documentation that establishes the complete line of delegated authority for each IRS officer, agent, or employee named above, including all intermediaries such as the Assistant Commissioner (international) beginning with the President of the United States.

This is a request under the FREEDOM OF INFORMATION ACT at 5 U.S.C. 552, PRIVACY ACT at 5 U.S.C. 552a. This request does not fall under exception 26 U.S.C. 6103 (e)(7). These documents are not sought for any commercial purposes. This is my firm promise to pay fees and costs for the locating and duplicating the records requested above.

Understanding that most exceptions are discretionary, rather than mandatory, if for some reason you determined any portion of this request to be exempt from release, then furnish the following: (1) those portions reasonably segregable after the exempt material is deleted; (2) detailed justification for your discretionary exemption since the overriding objection of the FOIA is to maximize public access to agency records. See IRM [1.3] 13.7.1 (08-31-2000). Approach to exemptions (3) provide the name of the official and correct address to which an administrative appeal should be addressed.

I am requesting copies of records in lieu of personal inspection of the requested record.

I am attesting under the penalty of perjury under the laws of the united States of America 28 U.S.C. 1746(1) and from without the "United States", that I am category 5 CFR 294.103 (d) requestor. Pursuant 5 U.S.C. 552 (a)(6)(A)(i), you have no more than 20 business days to respond to this request. If an extension of time is needed then pursuant of 5 U.S.C. 552 (a)(6) (B)(i), "no such notice shall specific a date that would result in an extension for more than 10 working days." Please provide the requested information within your required time.

Thanks you for your help in this matter

*Michael Jack Stephens*

Michael Jack Stephens        all rights reserved

*mailed with Proper Postage*

# Exhibit B



**DEPARTMENT OF THE TREASURY**
INTERNAL REVENUE SERVICE
WASHINGTON, D.C. 20224

*Ex. B.*

SMALL BUSINESS/SELF-EMPLOYED DIVISION

August 31, 2007

MICHAEL JACK STEPHENS
P.O. BOX 781
POOLER, GA 31322

Dear MICHAEL JACK STEPHENS:

This is in response to your Freedom of Information Act (FOIA) request, dated December 11, 2006 and received in our office December 19, 2006.

Your request was for copies of the documents that verify the true identity of IRS employees, past and present titles, positions, grades, job descriptions, job elements, duty stations, pocket commissions, and Oath of Office. The employees you named in the request were Allen Powell, R. A. Mitchell, Theresa Harley, Mary Hannah, Pamela Mable, Yulanda Coleman, and C. S. Shepard. Please find enclosed all available information.

Your request for a copy of the pocket commission is denied pursuant to FOIA exemption (b) (2) and (b) (7) (E).

Enclosed is a Notice 393 explaining your appeal rights.

Should you have any questions concerning this correspondence, you may contact Disclosure Specialist Patricia Williams, ID # 18-02366, by calling (512) 460-4433 or by writing to: Internal Revenue Service, Disclosure Office, Stop 602D, 401 W Peachtree St NW, Atlanta GA 30308. Please refer to case number F07353-0010.

Sincerely,

Stephanie Young
Disclosure Manager, ID # 18-02241

Enclosures

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

MICHAEL J. STEPHENS,            )
                                )
            Plaintiff,          )
                                )
      v.                        )        No. 1:07-CV-01628-ESH
                                )
INTERNAL REVENUE SERVICE,       )
                                )
            Defendant.          )

## ORDER

Upon consideration of the United States' Motion for Summary Judgment, and any opposition thereto, the Court finds that good cause exists to grant the motion and hereby:

ORDERS that the United States' Motion for Summary Judgment is GRANTED; and

ORDERS that the Clerk shall enter judgment in favor of the defendant.

DATE: _____

                                   _____
                                   JUDGE ELLEN HUVELL
                                   U.S. District Court Judge

2963098.1

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

MICHAEL J. STEPHENS,            )
                               )
            Plaintiff,          )
                               )
      v.                        )      No. 1:07-CV-01628-ESH
                               )
INTERNAL REVENUE SERVICE,       )
                               )
            Defendant.          )


INTERNAL REVENUE SERVICE'S
STATEMENT OF MATERIAL FACTS NOT IN GENUINE DISPUTE

Pursuant to LCvR. 7 (h), the Internal Revenue Service asserts that the following facts are not in genuine dispute:

1.   On December 11, 2006, plaintiff submitted a FOIA request seeking information about several Internal Revenue Service employees.(A copy of this request is attached as Exhibit A to the Declaration of Mary Ellen Keyes) (Keyes Decl. ¶ 4.)

2.   The FOIA request was transferred to the Austin Disclosure Office on December 19, 2006.  (*Id.*)

3.   When it became clear that information responsive to plaintiff's FOIA request could not be compiled within the statutory 20 business day period, by letter dated January 19, 2007, the Austin Disclosure Office informed the plaintiff that it was extending the statutory response date, requested additional time to

respond to the request, and further informed the plaintiff that he could expect a response by March 5, 2007.  (Williams Decl. ¶ 7.)

4.   By letter dated March 5, 2007, the Austin Disclosure Office again wrote to the plaintiff asking for additional time to locate and review requested records. Requests for additional time were also sought by letters dated May 7 and July 9, 2007. (*Id*. ¶ 8.)

5.   On August 31, 2007, the Austin Disclosure Office responded to plaintiff's FOIA request by informing the plaintiff that all available documents were enclosed.  The response letter informed the plaintiff that his request for pocket commission information was denied pursuant to FOIA exemption (b)(2) and (b)(7)(E) and advised the plaintiff of his appeal rights. (copy of letter attached as Exhibit B to Declaration of Patricia A. Williams.)(Williams Decl. ¶ 9.)

6.   After the plaintiff filed the above-captioned litigation, the Chief Counsel Attorney assigned to the plaintiff's litigation, Mary Ellen Keys, contacted Patricia Williams at the Austin Disclosure Office and requested copies of those documents that had been disclosed to the plaintiff for her review.  (*Id*. ¶ 10.)

7.   Upon receipt and review of the plaintiff's FOIA request in conjunction with the documents that had been disclosed to the plaintiff, Ms. Keys informed Ms. Williams that the Austin Disclosure Office's August 31, 2007 response was incomplete because it did not provide all documents responsive to the plaintiff's FOIA request and did not explain why certain responsive documents were not

disclosed.  Thereupon, Ms. Keys asked Ms. Williams to conduct a new search for records responsive to the plaintiff's FOIA request and to compile all existing responsive documents that were not previously disclosed. (*Id.* ¶ 11.)

8.   The new search revealed other responsive documents which were transmitted to the Office of Chief Counsel or review.  (Keyes Decl. ¶ 9.)  These documents were numbered and then reviewed by the Office of Chief Counsel to determine whether all responsive documents had been gathered and whether the documents in whole or in part could be disclosed to the plaintiff.  (*Id*. 10.)

9.   After review, all non-exempt documents were then transmitted to the Department of Justice for disclosure to the plaintiff.  The documents were mailed to the plaintiff on December 31, 2007 via certified mail.[1]  Only two FOIA exemptions applied to the documents and are discussed below.

**FOIA exemption (b)(3) in conjunction with 18 U.S.C. § 701[2]**

10.   The copying of pocket commissions for disclosure in response to a FOIA request is exempt from disclosure under FOIA exemptions (b)(3), in conjunction with 18 U.S.C. § 701.  Section 701 of Title 18 of the United States Code prohibits the copying of any government badge or identification card.

---

[1] Certified Mail # 7004 1160 0006 7126 0348.

[2] In its August 31, 2007 response letter, the Disclosure Office informed plaintiff that it was denying his request for certified copies of Pocket Commission numbers pursuant to FOIA exemptions (b)(2) and (b)(7)(E).  While the IRS cannot provide copies of the pocket commission numbers because to do so might jeopardize the pocket commission numbering system, the pocket commissions themselves are exempt from disclosure pursuant to FOIA exemption (b)(3) in conjunction with 18 U.S.C. § 701.

11.  Of those employees identified in plaintiff's FOIA request, only Revenue Officer Powell and Attorney Pam L. Mable have pocket commissions. (Williams Decl. ¶ 19.) Therefore, because the Service is prohibited by law from copying the pocket commissions, plaintiff should be advised that he can view Mr. Powell and Ms. Mable's pocket commissions at their place of work, which is: 401 West Peachtree St. NW, Atlanta, Georgia  30308-3539.

### FOIA Exemption (b)(6)

24.  The Internal Revenue Service is asserting FOIA exemption (b)(6) to withhold the social security numbers and dates of birth from pages numbered #00028 (personnel information of Teresa Harley) and #00056 (personnel action information pertaining to Yurlanda B. Coleman) because an employee's social security number and date of birth is the employee's personal information.

25.  The Internal Revenue Service also asserts FOIA exemption (b)(6) to withhold the personnel information listing ("PIL") items pertaining to Revenue Officer Allen D. Powell because the Office of Personnel Management ("OPM") has designated the position of Revenue Officer as a "sensitive" position.[3]

---

[3] In his filing entitled "Plaintiff (Objections to dismissal) Reply to Defendant's Answer," plaintiff states that only partial information was disclosed with respect to Allen Dale Powell.  Plaintiff is advised that, because Revenue Officer Powell serves in a "sensitive" position, the OPM has determined that pursuant to 5 CFR § 293.311, information otherwise disclosable with respect to government employees cannot be disclosed with respect to Revenue Officer Powell.  With respect to plaintiff's objection that information was provided for employee Yurlanda B. Montgomery instead of Yurlanda B. Coleman, we have obtained documentation that evidences Ms. Montgomery's marriage and subsequent name change to that of Coleman.  (Williams Decl. ¶ 16.)

Dated: January 2, 2008

Respectfully submitted,

/s/ Duston K. Barton
DUSTON K. BARTON
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, D.C. 20044
Telephone: (202) 514-9961
Duston.Barton@usdoj.gov

OF COUNSEL:
JEFFREY TAYLOR
United States Attorney

2956957.1