UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
U.S. COURTHOUSE
333 CONSTITUTION AVE, N.W.
WASHINGTON, D.C., 20001



RECEIVED
JAN 17 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

---

**Michael Jack Stephens**

    **Plaintiff,**

vs.                                             CV; 07-01628 (ESH)

**Internal Revenue Service**

    **Defendant.**

---

Plaintiffs response to Order
Plaintiffs motion for denial of summary judgment
&
**Motion for judgment in favor of Plaintiff.**

Statement of facts:

1. On December 11, 2006 plaintiff filed a FOIA & PA request for documents on specifically named alleged employees of the Internal Revenue Service.
Ex. A

2. On December 26, 2006 plaintiff filed an appeal letter to this FOIA/PA request.
Ex. B

a. This was 20 days as required by the Freedom of Information Act in 5 U.S.C. 552 (a)(6)(A)(i)(ii).

   (i). "determine within <u>20 days</u> [excepting Saturday, Sunday, and legal holidays] after the receipt of any such request whether to comply with such request of such determination and the reason therefore, and of the right of such person to appeal to the head of the agency any adverse determination; and

   (ii). "make a determination with respect to any appeal within <u>(20) twenty days</u> [excepting Saturday, Sunday, and legal holidays] after the receipt of such appeal. If on appeal the denial of the request for records is in whole or in part upheld, the agency shall notify the person making such request of the provisions for judicial review of that determination under paragraph (4) of this subsection.

3.  On Jan. 12, 2007 plaintiff received a letter stating that they received my appeal. Ex. C

4.  Appeal was denied when plaintiff clearly showed the right to file such an appeal.

a.  The employees violated 5 U.S.C. 552 (a)(6)(A)(i) & (ii) by not filing a response within the deadline set by Congress.

b.  The employees violated 5 U.S.C. 552 on the appeal by not filing a response and the requested documents ask for within.

5.  On Jan. 19th, 2007 plaintiff received an extension letter for more time to response. Ex. D

6.  On March 5, 2007 plaintiff received another extension letter for more time. Ex. E

7.  On May 7, 2007 plaintiff received another extension letter for more time. Ex. F

8.  On July 9th, 2007 plaintiff received another extension letter to move the time to September 10th, 2007. An as the other letters stated an I quote:

    "We are sorry for any inconvenience the delay may cause..."
    Ex. G

9.  On August 11th, 2007, clearly not waiting on the September 10th, 2007 extension of time requested on the last letter (see No. 8) plaintiff decided to file suit. (see original complaint). (History doc. @ 1)

9.A. On August 31st, 2007, plaintiff received an incomplete answer to FOIA/PA. Only after plaintiff had filed suit against IRS. Ex. H

10. On October 16th, 2007 by counsel for the IRS, an answer to my complaint is filed. (History Doc. @ 5)

11. On October 29th, 2007 Plaintiff filed an (objections to dismissal). (History Doc. @ 7)

12. On Nov. 15, 2007 plaintiff received a phone call from IRS counsel requesting yet another extension of time, OF 49 DAYS. Plaintiff has been more than reasonable

2

to the IRS request and to all extensions of time. Plaintiff did grant such extension upon conditions.

    a.    "as long as they (IRS) is going to answer my request," and are "not just putting me off."

13.    On December 31st 2007; Counsel Duston K. Barton filed an answer to my FOIA/PA request of Dec 11th, 2006. This time line is **<u>1 year</u> and 20 days for an** answer to a request under the FOIA/PA Acts passed by Congress with a internal deadline of **<u>20 days. This is clearly violation of this Act of Congress.</u>**

" Enclosed are 57 pages…the Internal Revenue Service intends to provide plaintiff with all non-exempt, requested information that he is entitled to  under FOIA." (see Ex. I)

14.    Attached is the letter from Mr. Duston Barton which states and I quote:

"All responsive, non-exempt documents that could be discovered by a reasonable search have <u>now been disclosed to you.</u>

So therefore NOW and only after plaintiff's suit has carried to full term has the IRS and it's employees complied with the Freedom of Information Act and the Privacy Act as passed by Congress. Plaintiff has been reasonable, an just in allowing extensions of time, patiently waiting for such documents which was requested for a very specific reason. Plaintiff did not do this action just because. So therefore by all above Plaintiff is clearly the prevailing party of this action, <u>not the defendant.</u> From the FOIA/PA being filed and the answer a time line of (1) one full year has passed. Plaintiff has been forced to answer this case, and provided information to which this case is important, and now defendants again are seeking summary judgment as if the IRS and Counsel did nothing wrong. Which is contrary to what the truth is, and the Court records clearly show is the truth. It is unreasonable to think an attorney who clearly should know the law, and who should

have taken an Oath of Office to uphold the law, has filed such a request for summary judgment in this case. This is an appearance of NO wrong doing. This is perjury on behalf of the counsel for the IRS, Mr. Barton. This is perjury on behalf of the employees of the IRS who has directly violated the provisions of this law, in denial of requested records that according to Mr. Barton plaintiff was entitled to have in the first place.

I. **CONCLUSION**

1. Plaintiff request Motion for Summary Judgment in this case be denied in full.

   a. The court records and this motion speak for itself, and clearly show a direct violation of the FOIA/PA as passed by Congress.

   b. Motion for summary judgment should be denied as a matter of Law.

2. Plaintiff seeks the following relief. In my original complaint was stated:

   | | | |
   |---|---|---|
   | (a) writing of FOIA letter: | 2 hours | 400.00 |
   | (b) research of information | 1 hour | 200.00 |
   | (c) writing of appeal letter | 1 hour | 200.00 |
   | (d) writing of the complaint | 6 hours | 1200.00 |

A. Plaintiff now adds to his list as follows:

   | | | |
   |---|---|---|
   | (e) writing motion for denial to dismiss | 4 hours | 800.00 |
   | (f) writing this current motion to deny | 6 hours | 1200.00 |
   | (g) cost of paper, ink, and supplies | | 200.00 |
   | (h) any other cost reasonable and just. | ? | ? |

3. **Motion for judgment in favor of Plaintiff is due and a matter of Law.**

a. **Plaintiff seeks a Motion for Judgment in favor of Plaintiff in this case.**

4. **Motion request judgment in favor of plaintiff and for cost as listed above.**

4

II. **Plaintiff's Memorandum in support of motion for judgment and in support of cost and reasonable fees.**

1. 5 U.S.C. §552 (a) (4) (E):

   "The court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed".

2. 5 U.S.C. §552 (a) (4) (F):

   "Whenever the court orders the production of any agency records improperly withheld from the complainant and assesses against the United States reasonable attorneys fees and other litigation costs, and the court additionally issues a written finding that the circumstances surrounding the withholding raise questions whether agency personnel acted arbitrarily or capriciously with respect to the withholding, the special counsel shall promptly initiate a proceeding to determine whether disciplinary action is warranted against the officer or employee who was primarily responsible for the withholding...."

3. 5 U.S.C. §552a (g) (2)(B):

   "The court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this paragraph in which the complainant has substantially prevailed."

4. 5 U.S.C. §552a (g)(4):

   "In any suit brought under the provisions of subsection (g)(1)(C) or (D) of this section in which the court determines that the agency acted in a manner which was intentional or willful, the United States shall be liable to the individual in an amount equal to the sum of---

   (A) <u>actual damages sustained by the individual</u> as a result of the refusal or failure, <u>but in no case shall a person entitled to recovery receive less than the sum of $1,000.00;</u> and

   (B) the cost of the action together with reasonable attorney fees as determined by the court."

This clearly shows plaintiff (individual) is entitle to attorney, and other litigation cost in this case for plaintiff is the prevailing party as this court records clearly and precisely show.

.

5

**III.**                        **OTHER RELIEF SOUGHT**

1. Mr. Duston K. Barton to be charged with perjury.

2. Mr. Duston K. Barton to be charge with violation of his Oath of Office.

3. Mr. Duston K. Barton to be charged with Misconduct of Office.

4. Employees of the IRS to also be charged with violation of Oath of Office. and all charged under provisions of the FOIA and PA as stated above.

5. The IRS to pay filing fees to Clerk of Courts for this case.

**January 14th, 2007**

                                                   */s/ Michael Jack Stephens; Plaintiff*
                                                   **Michael Jack Stephens**

CERTIFICATE OF SERVICE

I CERTIFY that the forgoing; Plaintiffs response to Order, Plaintiffs motion for denial of summary judgment & **Motion for judgment in favor of Plaintiff, Conclusion, Memorandum and other relief sought.**

WAS CAUSED TO BE SERVED THIS **14TH DAY OF JANUARY** BY DEPOSITING IN THE U.S. POSTAL SERVICE, POSTAGE PREPAID AND ADDRESSED AS FOLLOWS:

1. 
                      **UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
U.S. COURTHOUSE
333 CONSTITUTION AVE, N.W.
WASHINGTON, D.C., 20001**

2. 
                           **DUSTON K. BARTON
Trial Attorney, Tax Division
U.S. Department of Justice
P. O. Box 227
Washington, D.C. 20044**

*/s/ Michael Jack Stephens; Plaintiff*
Michael Jack Stephens

6

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

---

MICHAEL J. STEPHENS

  Plaintiff,

vs                                                                No. 1:07-cv-01628-ESH

INTERNAL REVENUE SERVICE

  Defendant.

---

## ORDER

Upon consideration of the Plaintiff's Motion for denial of summary judgment, Motion for judgment in favor of Plaintiff, Memorandum, conclusion, and other relief sought, and any opposition thereto, the Court finds that good cause exist to grant the motion and hereby:

Orders the Plaintiff's Motions (all) be granted in full, and is hereby GRANTED; and

ORDERS that the clerk shall enter judgment in favor of the Plaintiff.

DATE: _____

                                                          _____
                                                          JUDGE ELLEN HUVELL
                                                          U.S. District Court Judge

# FREEDOM OF INFORMATION ACT REQUEST
# AND
# PRIVACY ACT REQUEST

To:  IRS Atlanta Disclosure Officer
SE;S;C&L;GLD;A3;ATL
Mail Stop 602-D, Room 1905
401 W. Peachtree Street
Atlanta, Georgia      30308

From:  Michael Jack Stephens
c/o P. O. Box 781
Pooler,      Georgia      31322

Date:  December 11, 2006

RE: Revenue Agent Information

In one fashion or another, I have received correspondence from or have otherwise had direct contact with each IRS officer, agent, or employee named below. Per the following:

FEDERAL CROP INSURANCE CORP. V. MERRILL Et. Al. 1974
332 U.S. 380; 68 S. Ct.1; 92 L. Ed. 10, @ 384

"What ever the form in which the Government functions, anyone entering into an agreement with the Government takes the risk of having accurately ascertained that he who purports to act for the Government stays within the bounds of his authority. The scope of this authority may be explicitly defined by Congress or be limited by delegated legislation, properly exercised through the rule-making power. And this is so even though, as here, the agent himself may have been unaware of the limitations upon his authority.
also see: e.g. Utah Power and Light Co. V. United States
243 U.S. 389, 409;
United States V. Stewart
311 U.S. 60, 70, and see, generally
Floyd Acceptances, 7 Wall. 666."

EXHIBIT _A 2₰3_

So therefore I need to verify that IRS personal named below are who they say they are and have authority they have exercised or are attempting to exercise against me.

1. Mr. Allen D. Powell                                  ID 58-10082         Atlanta, GA ✓
2. R. A. Mitchell              signed a Lien                                 Dallas, Tx. ✓
3. Theresa Harley              signed a Lien                                 Dallas, Tx. ✓
4. Mary Hannah                 Operations Manager, Collections               Bensalem, PA. ✓
5. Pamela L. Mable             Tax Court Bar. No. MP0437                     Atlanta, GA ✓
6. Yulanda B. Coleman                                   ID 07-08172          Atlanta, GA ✓
7. C.S. Shepard                appeals team manager                          ✓

A.  All document(s) that verifies the true identify of IRS officers, agents, or employee — *Partial answer*
    named above.

B.  The precise past and present titles of each IRS officer, agent, or employee named
    above ("revenue officer", "revenue agent", appeals officer", "special agent" etc) — *not answered*
    and cite the section of the Act of Congress that created the office or offices they
    occupy.

C.  Any and all document(s) that include, identify, and describe all past and present
    positions, grades, job descriptions, and identification of job elements for each IRS — *not answered*
    officer, agent, or employee named above.

D.  Any and all document(s) that include, identify, and describe all past and present
    duty stations including room number, shop designations, or other identifying — *not answered*
    information regarding buildings or places of employment for each IRS officer,
    agent, or employees named above.

E.  Provide certified copies of any and all documentation that includes the pocket
    commission number, including classification designation (enforcement or other- — *NOT ANSWERED*
    wise) for each IRS officer, agent, or employee named above.

F.  The Constitutional Oath of Office taken by each IRS officer, agent, or employee — *Partial*
    named above, as required by Article VI, Paragraph 3 of the Constitution of the     *answer*
    United States, 1 Stat. 23, and 5 U.S.C. §3331.

# EXHIBIT _A_ 3 of 3

G.  A copy of the properly executed civil commission of each IRS officer, agent, or employee named above, that verifies that he or she is an officer or agent of Government of the United States, as required by Article II, § 3 of the Constitution of the United States and attending legislation. — *Denied*

H.  The personal surety bond of each IRS officer, agent, or employee named above. — *No answer*

I.  Documentation that establishes the complete line of delegated authority for each IRS officer, agent, or employee named above, including all intermedaries such as the Assistant Commissioner (international) beginning with the President of the United States. — *No answer*

This is a request under the FREEDOM OF INFORMATION ACT at 5 U.S.C. 552, PRIVACY ACT at 5 U.S.C. 552a. This request does not fall under exception 26 U.S.C. 6103 (e)(7). These documents are not sought for any commercial purposes. This is my firm promise to pay fees and costs for the locating and duplicating the records requested above.

Understanding that most exceptions are discretionary, rather than mandatory, if for some reason you determined any portion of this request to be exempt from release, then furnish the following: (1) those portions reasonably segregable after the exempt material is deleted; (2) detailed justification for your discretionary exemption since the overriding objection of the FOIA is to maximize public access to agency records. See IRM [1.3] 13.7.1 (08-31-2000). Approach to exemptions and; (3) provide the name of the official and correct address to which an administrative appeal should be addressed.

I am requesting copies of records in lieu of personal inspection of the requested record.

I am attesting under the penalty of perjury under the laws of the united States of America 28 U.S.C. 1746(1) and from without the "United States", that I am category 5 CFR 294.103 (d) requestor. Pursuant 5 U.S.C. 552 (a)(6)(A)(i), you have no more than 20 business days to respond to this request. If an extension of time is needed then pursuant of 5 U.S.C. 552 (a)(6)(B)(i), "no such notice shall specific a date that would result in an extension for more than 10 working days." Please provide the requested information within your required time.

Thanks you for your help in this matter

*Michael Jack Stephens*
Michael Jack Stephens    all rights reserved

*mailed with Proper Postage*

# EXHIBIT B

FOIA APPEAL LETTER

December 26, 2006

To:   IRS appeals
      Attention: FOIA APPEALS
      5104 N. Blythe Avenue, Suite 202
      Fresno, California    93722

From:  Michael Jack Stephens
       P. O. Box 781
       Pooler, Georgia    31322

I am enclosing a copy of the FOIA that I have not received any answer too. Please advise as too the proper channels, as too which I am entitled to pursue. I would like an answer to this FOIA as soon as possible. I need this information to finish my file up about certain activities of the Internal Revenue Service employees.

Claim 1: Appeal of FOIA, dated December 11, 2006. Have not received any answers or an extension letter for this.

Claim 2: Appeal of FOIA, dated December 11, 2006. Have not received any answers or an extension letter for this.

I have therefore considered this FOIA denied. I am within my 35 days for an appeal to be filed under the proper channels.

Please answer these two FOIA's (copy attached) within the 20 days prescribed.

Thanks for your help in this very serious matter.

*Michael Jack Stephens*

Michael Jack Stephens    all rights reserved.

**Internal Revenue Service**  
Appeals Office  
Mail Stop # 55201  
5045 E. Butler Ave  
Fresno, CA  93727-5136

**Department of the Treasury**

**Person to Contact:**  
  Terri Carrillo  
  Employee ID Number: 78-00022  
  Tel:  (559) 452-3224  
  Fax:  (559) 452-3266  

Date:  JAN 1 2 2007

**Refer Reply to:**  
  AP:FRS:CO:TC  
**In Re:**  
  Freedom of Information Act

Michael Jack Stephens  
PO Box 781  
Pooler, Georgia  31322

Dear Mr. Michael Jack Stephens:

We are in receipt of your letter, dated December 26, 2006, which purports to administratively appeal under the Freedom of Information Act (FOIA), 5 U.S.C. Section 552, the lack of a timely response from two of your FOIA request dated December 11, 2006 to the disclosure office in Georgia.

Under the Department of Treasury's revised FOIA regulations, at 31 C.F.R. Section 1.5(f), a lack of a timely response is not a valid reason for filing an administrative appeal.  *See* 65 FEDERAL REGISTER 40503-40516 (June 30, 2000).  These FOIA regulations apply to all bureaus of the Department of the Treasury, including the Internal Revenue Service.  31 C.F.R. Section 1.1(a)(1)(viii).

When a determination on your request is not made within the twenty working day deadline (5 U.S.C. Section 552(a)(6)(A)(i)), or within the ten working day extension permitted for certain circumstances (5 U.S.C. Section 552(a)(6)(B)(iii), and you have not agreed to a different response time frame (5 U.S.C. Section 552(a)(6)(B)(ii)), the law permits you to file a lawsuit in the United States District Court in which you live or work, or where the records you are asking for are located, or in the District of Columbia, to obtain a response.  5 U.S.C. Section 552(a)(6)(C)(i).

Because there is no basis for an administrative appeal under these circumstances, we are closing our file in regard to this matter.

Sincerely,

*Marge Field*

Marge Field  
Appeals Team Manager

DEPARTMENT OF THE TREASURY
INTERNAL REVENUE SERVICE
WASHINGTON, D.C. 20224

SMALL BUSINESS/SELF-EMPLOYED DIVISION

January 19, 2007

MICHAEL JACK STEPHENS
P.O. BOX 781
POOLER, GA 31322

Dear MICHAEL JACK STEPHENS:

This is in reference to your Freedom of Information Act (FOIA) request dated December 11, 2006, and received in our office December 19, 2006. We are unable to respond to your request by January 19, 2007, which is the 20 business-day period prescribed by law. We apologize for any inconvenience this delay may cause. You may expect a response by March 5, 2007. Since an administrative appeal is limited to a denial of records, it does not apply in this situation. However, you may instead file suit after the statutory time period for response has lapsed.

The FOIA process is not an additional avenue of recourse during administrative tax proceedings; it merely provides access to existing records. Extending the time period for our response to your request has no bearing on any ongoing tax matter such as the collection due process or an examination appeal.

## STATUTORY EXTENSION OF TIME FOR RESPONSE

In certain situations the FOIA allows us to invoke an additional ten-day statutory extension. To respond to your request, we require additional time to search for, collect, and review responsive records from other locations. Therefore, we have extended the statutory response date (after which you can file suit), to February 2, 2007, as provided for in the FOIA (5 U.S.C. 552(a)(6)(B)).

## ADDITIONAL EXTENSION OF TIME LIMIT

We realize we will be unable to locate and consider releasing the Internal Revenue Service records covered by your request by the expiration of the statutory period. Therefore, we extended the response date to March 5, 2007, by which time we reasonably believe we can provide a final response to your request.

If you agree to this extension, no reply to this letter is necessary. If we subsequently deny your request, you still have the right to file an administrative appeal. You may wish to consider limiting the scope of your request so that we can process it more quickly. If you want to limit your request, please contact the individual named below. If you do not

**DEPARTMENT OF THE TREASURY**
**INTERNAL REVENUE SERVICE**
**WASHINGTON, D.C. 20224**

SMALL BUSINESS/SELF-EMPLOYED DIVISION

March 5, 2007

MICHAEL JACK STEPHENS
P.O. BOX 781
POOLER, GA 31322

Dear MICHAEL JACK STEPHENS:

This is in response to your Freedom of Information Act (FOIA) request, dated December 11, 2006 and received in our office December 19, 2006.

We wrote to you on January 19, 2007 asking for more time to process your request for Internal Revenue Service records. We are continuing to process your request. If we are unable to respond by May 7, 2007, we will contact you and inform you of the status of your case.

We are sorry for any inconvenience the delay may cause. The additional time is needed for location and review of the requested records.

Should you have any questions concerning this correspondence, you may contact Secretary Missy Ojeda, ID # 18-03896, by calling (512) 460-4433 or by writing to: Internal Revenue Service, Disclosure Office, Stop 602D, 401 W Peachtree St NW, Atlanta GA 30308. Please refer to case number F07353-0010.

Sincerely,

Stephanie Young
Disclosure Manager, ID # 18-02241



**DEPARTMENT OF THE TREASURY**
INTERNAL REVENUE SERVICE
WASHINGTON, D.C. 20224

SMALL BUSINESS/SELF-EMPLOYED DIVISION

May 7, 2007

MICHAEL JACK STEPHENS
P.O. BOX 781
POOLER, GA 31322

Dear MICHAEL JACK STEPHENS:

This is in response to your Freedom of Information Act (FOIA) request, dated December 11, 2006 and received in our office December 19, 2006.

We wrote to you on March 5, 2007 asking for more time to process your request for Internal Revenue Service records. We are continuing to process your request. If we are unable to respond by July 9, 2007, we will contact you and inform you of the status of your case.

We are sorry for any inconvenience the delay may cause. The additional time is needed for location and review of the requested records.

Should you have any questions concerning this correspondence, you may contact Secretary Missy Ojeda, ID # 18-03896, by calling (512) 460-4433 or by writing to: Internal Revenue Service, Disclosure Office, Stop 602D, 401 W Peachtree St NW, Atlanta GA 30308. Please refer to case number F07353-0010.

Sincerely,

Stephanie Young
Disclosure Manager, ID # 18-02241



EXHIBIT _G_

**DEPARTMENT OF THE TREASURY**
INTERNAL REVENUE SERVICE
WASHINGTON, D.C. 20224

SMALL BUSINESS/SELF-EMPLOYED DIVISION

July 9, 2007

MICHAEL JACK STEPHENS
P.O. BOX 781
POOLER, GA 31322

Dear MICHAEL JACK STEPHENS:

This is in response to your Freedom of Information Act (FOIA) request, dated December 11, 2006 and received in our office December 19, 2006.

We wrote to you on May 7, 2007 asking for more time to process your request for Internal Revenue Service records. We are continuing to process your request. If we are unable to respond by September 10, 2007, we will contact you and inform you of the status of your case.

We are sorry for any inconvenience the delay may cause. The additional time is needed for location and review of the requested records.

Should you have any questions concerning this correspondence, you may contact Secretary Missy Ojeda, ID # 18-03896, by calling (512) 460-4433 or by writing to: Internal Revenue Service, Disclosure Office, Stop 602D, 401 W Peachtree St NW, Atlanta GA 30308. Please refer to case number F07353-0010.

Sincerely,

Stephanie Young
Disclosure Manager, ID # 18-02241



**DEPARTMENT OF THE TREASURY**
INTERNAL REVENUE SERVICE
WASHINGTON, D.C. 20224

SMALL BUSINESS/SELF-EMPLOYED DIVISION

August 31, 2007

MICHAEL JACK STEPHENS
P.O. BOX 781
POOLER, GA 31322

Dear MICHAEL JACK STEPHENS:

This is in response to your Freedom of Information Act (FOIA) request, dated December 11, 2006 and received in our office December 19, 2006.

Your request was for copies of the documents that verify the true identity of IRS employees, past and present titles, positions, grades, job descriptions, job elements, duty stations, pocket commissions, and Oath of Office. The employees you named in the request were Allen Powell, R. A. Mitchell, Theresa Harley, Mary Hannah, Pamela Mable, Yulanda Coleman, and C. S. Shepard. Please find enclosed all available information.

Your request for a copy of the pocket commission is denied pursuant to FOIA exemption (b) (2) and (b) (7) (E).

Enclosed is a Notice 393 explaining your appeal rights.

Should you have any questions concerning this correspondence, you may contact Disclosure Specialist Patricia Williams, ID # 18-02366, by calling (512) 460-4433 or by writing to: Internal Revenue Service, Disclosure Office, Stop 602D, 401 W Peachtree St NW, Atlanta GA 30308. Please refer to case number F07353-0010.

Sincerely,

Stephanie Young
Disclosure Manager, ID # 18-02241

Enclosures

U.S. Department of Justice

Tax Division

Civil Trial Section, Eastern Region

EXHIBIT _I_

RTM:DAH:DKBarton:js
5-16-4237
CMN 2007104517

Post Office Box 227
Washington, DC 20044

Telephone: (202) 514-9961
Facsimile: (202) 514-6866

December 31, 2007

**Via Certified Mail**

Michael Jack Stephens
128 Pinto Way
Bloomingdale, GA 31302

    Re:    Stephens v. Internal Revenue Service
              Case No.: 1:07-cv-01628-ESH   (USDC DC)

Dear Mr. Stephens:

    Enclosed are 57 pages of additional documents that are responsive to your December 11, 2006 FOIA request. This letter supplements the previous response mailed to you on August 31, 2007. All responsive, non-exempt documents that could be discovered by a reasonable search have now been disclosed to you.

    In this mailing, I have also included declarations from Mary Ellen Keyes and Patricia Williams that explain the search and exempted documents in greater detail. These declarations will also accompany a motion for summary judgment that will be filed later this week.

                                                 Sincerely yours,

                                                 DUSTON K. BARTON
                                                 Civil Trial Section, Eastern Region

**Enclosure**