IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MICHAEL J. STEPHENS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:07-cv-01628-ESH |
| | ) | |
| INTERNAL REVENUE SERVICE, | ) | |
| | ) | |
| Defendant. | ) | |

RESPONSE TO PLAINTIFF'S MOTION FOR DENIAL
OF SUMMARY JUDGMENT AND FOR JUDGMENT IN FAVOR OF PLAINTIFF

The Internal Revenue Service is entitled to Summary Judgment because it has

demonstrated that 1) it conducted a good faith search reasonably calculated to uncover

relevant documents, and 2) information withheld was proper under the relevant FOIA

Exemptions.  Moreover, plaintiff is not entitled to the relief he requested because 1) he

is a *pro se* litigant, 2) he is not a "prevailing party," and 3) his other requests for relief

fail to state a claim upon which relief can be granted.

A memorandum in support of this response and proposed order are attached

herewith.

DATE:  January 25, 2008                    Respectfully submitted,

 /s/ Duston K. Barton
DUSTON K. BARTON
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, D.C. 20044
Telephone: (202) 514-9961
Duston.Barton@usdoj.gov

3013707.1

OF COUNSEL:
JEFFREY TAYLOR
United States Attorney

3013707.1

## <u>CERTIFICATE OF SERVICE</u>

IT IS CERTIFIED that the foregoing RESPONSE TO PLAINTIFF'S MOTION FOR

DENIAL OF SUMMARY JUDGMENT AND FOR JUDGMENT IN FAVOR OF

PLAINTIFF and accompanying MEMORANDUM and ORDER were served upon the

following on January 25, 2008, in accordance with the Court's ECF  Procedures, and by

depositing a copy thereof in the United States mail, postage prepaid, addressed as

follows:

> Michael J. Stephens
> 128 Pinto Way
> Bloomingdale, GA 31302

> <u>/s/ Duston K. Barton</u>
> DUSTON K. BARTON

3013707.1

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

MICHAEL J. STEPHENS,                )
                                    )
            Plaintiff,              )
                                    )
    v.                              )        No. 1:07-cv-01628-ESH
                                    )
INTERNAL REVENUE SERVICE,           )
                                    )
            Defendant.              )

MEMORANDUM IN SUPPORT OF
RESPONSE TO PLAINTIFF'S MOTION FOR DENIAL
OF SUMMARY JUDGMENT AND FOR JUDGMENT IN FAVOR OF PLAINTIFF

For the reasons set forth below, the Internal Revenue Service is entitled to

Summary Judgment, and plaintiff is not entitled to costs, fees, or other relief sought in

his motion.

I. THE INTERNAL REVENUE SERVICE IS ENTITLED TO SUMMARY JUDGMENT.

Nowhere in plaintiff's opposition does he address the grounds upon which the

Internal Revenue Service seeks summary judgment. It is uncontested that the Internal

Revenue Service conducted a good faith search reasonably calculated to uncover

relevant documents, and that the information withheld was proper under FOIA

Exemptions 5 U.S.C. § 552(B)(3) & (6). Thus, as a matter of law, defendant is entitled to

summary judgment. *See, Snyder v. C.I.A.*, 230 F.Supp.2d 17, 19-20 (D.D.C.) (A court can

"award summary judgment solely on the basis of information provided by the agency

in affidavits or declarations when the affidavits or declarations describe 'the documents

and the justification for nondisclosure with reasonably specific detail, demonstrate that

the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith'.") (quoting *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981)). *See also Steinberg v. United States Dep't of Justice*, 23 F.3d 548 (D.C. Cir. 1994); *Shores v. F.B.I.*, 185 F.Supp.2d 77 (D.D.C. 2002); 5 U.S.C. § 552(B)(3) & (6).

## II.  Plaintiff is Not Entitled to Costs and Fees.

Plaintiff seeks attorneys' fees, litigation costs, and "any other cost reasonable and just." (Pl. Mtn. at 4, 5.)  Relief under FOIA, however, is limited to (1) injunctive relief, (2) litigation costs, and (3) attorneys' fees.  *See* 5 U.S.C. § 552(a)(4)(B),(E).  *See also Thompson v. Walbran*, 990 f.2d 403, 405 (8th Cir. 1993); *Butler v. Nelson*, WL 580331, *3 (D. Mont. 1997); *Sterling v. United States*, 798 F. Supp. 47, 48 (D.D.c. 1992).  The lack of remedial remedial options persists even if the agency has refused to release requested documents without justification.  *See Walbran*, 990 F.2d at 405; *Daniels v. St. Louis Veterans Admin., Reg'l Office*, 561 F.Supp 250, 251 (E.D. Mo. 1983).  Plaintiff does not seek injunctive relief, and *pro se* litigants are not eligible for attorneys' fees.  *See, e.g. Kay v. Ehler*, 499 U.S. 432, 435 (1991) ("a *pro se* litigant who is *not* a lawyer is *not* entitled to attorney's fees." (emphasis in original).  Thus, plaintiff's only remaining claim for relief is for litigation costs.

In deciding whether to grant litigation costs, the Court must first determine whether the party is eligible for costs, and then, if eligible, whether equitable considerations warrant the award.  *See, e.g., Church of Scientology v. United States Postal*

*Serv.*, 700 F.2d 486, 489 (9th Cir. 1983).   Eligibility hinges entirely upon whether a party has "substantially prevailed."  5 U.S.C. § 552(a)(4)(E).  In order to "substantially prevail," a party must have "been awarded some relief by the court."  *Buckhannon Bd. and Care Home, Inc. v. West Virginia Dep't of Health and Human Res.*, 532 U.S. 598, 603 (2001).  It is *not* sufficient that the "litigation substantially caused the requested records [under FOIA] to be released."  *Oil, Chemical, and Atomic Workers Int'l Union v. Dep't of Energy*, 288 F.3d 452, 454 (D.C. Cir. 2002).  The party seeking costs must "have 'been awarded some relief by [a] court,' either in a judgment on the merits or in a court-ordered consent-decree."  *Id.* at 457.  Plaintiff has not been awarded *any* judicial relief. Accordingly, he is not a prevailing party and is ineligible for costs or fees.

### III.  PLAINTIFF'S REMAINING ALLEGATIONS ARE BASELESS AND FAIL TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

There is nothing in plaintiff's motion to support charging Attorney Barton with perjury, violating his Oath of Office, or with Misconduct of Office.  Likewise, there is nothing in plaintiff's motion to support charging Internal Revenue Service employees with a violation of Oath of Office.  Plaintiff not only fails to allege conduct sufficient to support these charges, plaintiff cites no authority authorizing the requested relief. Accordingly, plaintiff's request for "other relief" is baseless and fails to state a claim upon which relief can be granted.  *See* Fed R. Civ. P. 12(b)(6).

//

//

//

3013954.1

DATE:  January 25, 2008.

Respectfully submitted,

/s/ Duston K. Barton
DUSTON K. BARTON
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, D.C. 20044
Phone: (202) 514-9961
Email: Duston.Barton@usdoj.gov

OF COUNSEL:
JEFFREY A. TAYLOR
United States Attorney

-4-

3013954.1

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MICHAEL J. STEPHENS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:07-CV-01628-ESH |
| | ) | |
| INTERNAL REVENUE SERVICE, | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

Upon consideration of the United States' Motion for Summary Judgment, and any opposition thereto, the Court finds that good cause exists to grant the motion and hereby:

ORDERS that the United States' Motion for Summary Judgment is GRANTED; and

ORDERS that the Clerk shall enter judgment in favor of the defendant.

DATE: _____

_____
JUDGE ELLEN HUVELL
U.S. District Court Judge

2963098.1