UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MICHAEL JACK STEPHENS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civ. Action No. 07-1628 (ESH) ) |
| INTERNAL REVENUE SERVICE, | ) ) |
| Defendant. | ) ) |

**MEMORANDUM OPINION**

In this action brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, plaintiff requested records on December 11, 2006, about Internal Revenue Service employees. By letter dated December 31, 2007, defendant released 57 pages but withheld information under FOIA Exemptions 3 and 6. *See* 5 U.S.C.§ 552(b). Defendant moves for summary judgment. In response, plaintiff concedes that "the IRS and its employees complied with the [FOIA] and Privacy Act as passed by Congress." (Pl.'s Opp. [Dkt. No. 11] at 3.) He moves nonetheless for judgment in his favor based on defendant's delayed compliance.

In light of plaintiff's concession on the propriety of defendant's response to his request, the remaining issue is whether plaintiff is entitled to judgment based on defendant's delay in providing the requested records. As the District of Columbia Circuit has stated, "however fitful or delayed the release of information under the FOIA may be, once all requested records are surrendered, federal courts have no further statutory function to perform." *Perry v. Block*, 684

F.2d 121, 125  (D.C. Cir. 1982); *accord Boyd v. Criminal Div. of U.S. Dep't of Justice*, 475 F.3d 381, 388 (D.C. Cir.  2007).  Accordingly, plaintiff may not prevail on his motion for  judgment.[1]

Based on defendant's unopposed factual assertions and supporting documentation, the Court concludes that defendant satisfied its disclosure obligations under the FOIA and is entitled to judgment as a matter of law.  A separate Order accompanies this Memorandum Opinion.

        /s/
ELLEN SEGAL HUVELLE
United States District Judge

DATE: January 29, 2008

---

[1] Plaintiff is seeking judgment to recover his costs.  (Pl.'s Opp. at 4.)   The FOIA permits a district court to "assess against the United States reasonable . . . litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed."  5 U.S.C. § 552(a)(4)(E).  Plaintiff may not recover costs because he has not substantially prevailed by being "awarded . . . relief . . . either in a judgment on the merits or in a court-ordered consent decree." *Oil, Chem. and Atomic Workers Int'l Union, AFL-CIO v. Dep't of Energy*, 288 F.3d 452, 456-57 (D.C. Cir. 2002) (citation and internal quotations omitted).